## John B. Jones vs. Maine Mutual Fire Insurance Company.

Where a person has his store insured by a company, one of the rules in the policy being, "That no person whose property is insured in the company, shall be allowed to insure the same, or any other property connected with it, in any other company, or at any other office; and in case of any such insurance, his policy obtained from this company shall be void and of no effect;" and where he afterwards insures the goods in the store at another office; the policy on the store is not made void by obtaining the policy on the goods.

THE parties agreed to submit to the opinion of the Court, upon a statement of facts, the question, "whether the insurance obtained on the 27th day of *March*, on the goods then in said store destroyed the policy effected by the defendants? If it did, the plaintiff is to be nonsuit, otherwise the defendants are to be defaulted."

From the facts agreed, it appears, that on *February* 9, 1839, the defendants insured, against perils by fire, the sum of two hundred dollars on the store of the plaintiff in *Lewiston*; and that on *March* 27, 1839, the plaintiff obtained insurance at an office in *Boston* on his stock in trade in the same store, against perils by fire to the amount of $1200. Afterwards, during the year 1839, the store was wholly consumed by fire. In the second article of the by-laws of the company, § 2, when speaking of the rates of premium on different classes of risks, are found the following words. "First class. Houses unconnected with and standing at least four rods from any other building." "Second class. Like buildings, when connected with or standing within four rods of any other building." The eighth section is: — "That no person whose property is insured in the company, shall be allowed to insure the same, or any other property connected with it, in any other company, or at any other office; and in case of any such insurance, his policy obtained from this company shall be void and of no effect."

The case was submitted on the briefs of the counsel.

*Codman & Fox,* for the plaintiff, cited *Cornell v. Le Roy,* 9 *Wend.* 163; *Tyler* v. *Ætna Ins. Co.* 12 *Wend.* 507; 1 *Moody & M.* 90.

*Fessenden & Deblois*, for the defendants.

The opinion of the Court was by

SHEPLEY J. — To connect, is to join one thing to, or unite it with another. And a literal exposition of the language of the eighth section of the by-laws, would not prohibit the plaintiff from insuring his stock in trade at another office. That would be a very forced construction, which should regard goods deposited in a warehouse for a few days, to be again removed, as connected with it. And goods in a shop for sale, are placed there for safe keeping and exhibition, until sold; and they have no necessary union with that, more than with any other shop. And they cannot, by any proper use of the word, be considered as connected with it. There is nothing in this case indicating, that the parties used the word in any unusual sense. On the contrary, it appears to have been used in the second section of the by-laws, in its ordinary acceptation. In the first class of risks by houses unconnected with other buildings, are intended, those not united with or joined to them. And in the second class, by buildings connected with others, are designated those so joined or united. A just exposition of the language, and the apparent intention of the parties in the use of it, authorize the conclusion, that the plaintiff has not incurred any forfeiture by obtaining insurance upon his goods elsewhere.

*Defendants defaulted.*