CHIEF JUSTICE WILLIAMS
delivered the opinion oj? the court.
George S. Moore was the agent at Louisville for both the United Life, Fire, aud Marine Insurance Company and appellant. James M. Moore was the father and clerk of G. S. Moore, the agent.
Appellees obtained through this office, and from the father, a policy on their stock of goods, November 15, 1867, which was delivered to them by Gray, another clerk, from the United Life, Fire, and Marine Company, which however was issued by the approbation of Geo. S. Moore, the agent.
On the same day, and after said insurance, appellees applied to said G. S. Moore for an additional insurance to the amount of five thousand dollars, to which said agent agreed, and placed it to the Kenton Insurance Company, and issued and delivered a policy the next day; hut the assent of this latter company to said previous insurance was not indorsed and signed on the policy; the weight of evidence, however, establishes that said agent reported said previous insurance to his principals, and that they did not disapprove it.
January 23d following the stock was greatly damaged by fire, and the apportioned assessment on appellant was over four thousand dollars, which, on suit, was adjudged to appellees, and of which the insurance company complains: first, because the assured had given no notice in writing of the previous insurance; second, because no signed indorsement of assent to such was placed on the policy.
The policy contains this clause: “If there is or shall *178 hereafter be made any other insurance on the property hereby insured, or any part thereof, without being notified to this company, and its consent thereto written hereon, then in either case this policy shall be of no binding force on this company as part of this contract. Notice of all previous insurances upon property insured by this company, or upon any part thereof, shall be given to them and indorsed on this policy, or otherwise assented to in writing by the company, at or before the time of their making insurance thereon, otherwise the policy subscribed by this company shall be of no effect.”
It will be observed that this covenant does not require that the notice that a previous insurance had been made should be in writing, but only that the assent of the company should so appear.
No more certain and comprehensive notice of a previous insurance could possibly appear than does in this case, for the application for additional insurance -was made the same day to the same agent who had made the existing one; and he agreed to the further insurance, and that it should be placed to his other constituent, and made out and placed his own signature to the policy, and caused it to be delivered the next day; and then in his usual course of business notified his constituent of this additional insurance, and of the prior one, which had never been disapproved by it, though this was sixty-nine days before the loss occurred.
It is said by. appellees that the delivery of the policy was the written assent of the company to the previous insurance; and there is much force in this argument, which would be conclusive but for the concluding words of the sentence, providing that the assent should be indorsed on the policy, or else assented to in writing, otherwise the policy shall be of no effect, which seems to indicate *179 that it contemplated some other writing than the policy-alone; still the delivery of a written policy, after such notice of a prior insurance, would attest in writing such assent with as much force as could any other writing, except that the notice itself would then be evidenced by a writing which is not required by the covenant. .
If the party establish a legal parol notice, then a delivery of a policy after such notice should doubtless be considered a written assent, without the unnecessary act of assenting thereto by another writing; indeed such evidence of assent might be due to the assured for his own protection, and therefore the duty of the company, on his demand, to execute it.
There can be but little doubt that this notice of prior insurance may he established by parol, especially under the covenants of this policy.
But even if the policy should not be deemed the written assent, still the requirement that the assent should be indorsed on the policy or otherwise by writing may be waived, as has frequently been determined.
In the National Fire Insurance Company v. Crane, 16 Md. 260, the court of last resort in Maryland held, that where a prior insurance was notified to the company at the time the policy issued, the want of indorsement of such insurance on the policy, as required by a condition of the policy, can not be ui’ged in a court of equity in a cause otherwise free from objections, whatever effect it may have at law.
In Liddle v. Market Fire Insurance Company, 4 Bosw. N. Y. 179, where the policy provided that if at the time of removal the risk had been increased, and the insured failed to give notice thereof in writing, such policy and renewal should be void; and at the time of the last renewal the assured made known the fact of the existence of the *180 bakery to tbe secretary of tbe company, but it was not indorsed on the policy or otherwise Communicated in writing: it was held that the company, by renewing the policy after such notice, waived a strict compliance with the condition requiring such communication to be in writing, and that in any event the company were estopped from setting up their increased risk in bar of the action.
In Atlantic Insurance Company v. Goodhull, 35 N. H. 328, where a policy contained a condition which provided that it should be void if other insurance should not be indorsed on it, held that the existence of prior insurance did not make it absolutely void, but invalid, voidable, and capable of being confirmed and made valid by acts of the company showing a waiver of the defect.
It is true that the Massachusetts courts have held otherwise ; but we think authority and analogy and reason and justice preponderate against their decisions, which may have been made, however, on the peculiar charter provisions of the companies under their review, or upon some statute or other law peculiar to that state.
Nor can the appellants justify their refusal of payment by any peculiar and private instruction given to their agent and not made public, though they may confine his powers within narrower limits than may fairly be presumed from the manner of his being held out to the public, and which is not prohibited by the charter. Many authorities might here be cited, but it is not necessary.
The agency of Moore was general, though local, and he was even intrusted with the delivery of policies without having first submitted the proposal to insure to the home company, which is a more unlimited power than is frequently intrusted to even general agents without a circumscribed locality.
*181 It may be remarked that the Massachusetts and Canadian authorities seem to militate against this reasonable and just doctrine, perhaps for the reasons -assigned; but if not for these, still, as we do not perceive the cogency of their reasoning nor the justness of the principles by which they are governed, we shall be guided by the more equitable, liberal, and enlightened rules announced by other sister states, which hold the companies bound for the acts of their agents not prohibited by their charters, and within the limits which may reasonably be presumed by the public from the character of the business and general manner of transacting it.
Besides, here it may be fairly presumed that the home company not only had notice of this additional insurance from their agent Moore, but that they had also received a portion of the premium before this loss, and had not up to that time dissented from their agent’s acts, nor made any move to have the policy canceled.
Under all the peculiar circumstances of this case, we can not doubt that the evidence, the equity, and law of the case all conspire to fix appellant’s liability, and that the judgment against them was essentially right; wherefore it is affirmed with damages, an appeal and supersedeas bond appearing herein.