## OLIVER A. KEEP V. JOHN B. SIMPSON.

In a suit upon notes executed for land and secured by the vendor's lien, and against the maker of the notes in possession of the land, if defects of title to the land, plead in defense, be removed by plaintiff or others before the trial, the plaintiff may recover.

APPEAL from Fannin. Tried below before the Hon. W. H. Andrews.

The facts sufficiently appear in the opinion.

*S. B. Maxey*, for appellants, cited Story on Promissory Notes, § 178, and notes; 2 Parsons on Contracts, 278; 5 Cushing, 126, Martin v. Roberts; 1 Denio, 69, Masson v. Bovet; 25 Texas, 160, Green v. Chandler; Russell & Mylne, 296, Dalby v. Pullen.

*Throckmorton & Brown*, for appellee, cited 2 Texas, 148, Farpley v. Poague; 10 Texas, 367, Perry v. Rice; 19 Texas, 351, Taylor v. Johnston; 20 Texas, 178, Woodward v. Rogers; Kerr on Fraud, 319: Story's Eq., §§ 506, 1332; 20 Texas, 260, Terrell v. De Witt.

OGDEN, J.—In 1865, O. H. Keep sold to John S. Chisum a certain tract of land, taking his notes secured by the vendor's lien for the purchase money. And in 1866 Chisum sold the same land to appellants, who executed their notes to him. Chisum subsequently transferred appellants' notes to Keep, probably in exchange for his notes given to Keep. Upon these notes received by Keep from Chisum this suit was brought.

The defense set up is, alleged fraudulent combinations and representations of Keep and Chisum, in relation to the title to the land purchased, in order to cheat and defraud appellants; and a failure of consideration for the notes sued on, by reason of the outstanding superior

title of Mrs. Keep in and to the land; and also by reason of the vendor's lien in Keep.

To meet these defenses, the plaintiff below filed a quitclaim deed from Mrs. Keep to the defendants, of the land, and a full and complete relinquishment of the vendor's lien from himself.

These two instruments fully completed and perfected the title to the land in the defendants below, and rebutted all allegations of want of consideration for the note sued on, as well as all allegations of fraudulent representations in regard to the title to the land.

They claim to have contracted for a perfect title, and they have received one; they have all they bargained for, and they should not now be heard to ask for more, or a different thing from what they promised to pay for.

But it is claimed that the tender of the deeds came too late, and that therefore they were not obliged to receive them. But they fail to prove an eviction from the land, or even any damage by reason of their former imperfect title, and we can now see no good reason for their complaint, or why they should not be made to pay the purchase money according to their original contract. We discover no equity in their demand for a rescision of the contract, since, in addition to the fact that they have received all they purchased, and their vendor has by himself or others fully complied with his part of the contract, while they further show and acknowledge themselves wholly unable to return the property as they received it, and to place their vendor in the same condition as when the contract was made. There are many questions raised in the pleadings and argument of counsel which do not require notice in order to an equitable disposition of this case, and as we discover no error in the judgment requiring a reversal of the same, it is affirmed.

AFFIRMED.