JOHN LINDLEY *vs.* UNION FARMERS' MUTUAL FIRE INSURANCE COMPANY.

Knox, 1875.—April 26, 1876.

*Insurance.*

Where there is a stipulation in a policy of insurance, that the policy shall be void, if the insured shall subsequently make insurance on the same property, and shall not give notice thereof with all reasonable diligence to the insurers, and have the same indorsed on his policy or otherwise acknowledged by them, if the second policy is void, it will not defeat the first, even though the subsequent insurers, after a loss, pay to the insured a sum of money by way of compromise of his claim thereon.

And where the case finds that the loss was accidental, and there is nothing to show that the subsequent insurance materially increased the risk, the plaintiff's claim on the first policy would not be defeated even by a valid subsequent insurance.

Such a breach of the terms of the policy by the insured is within the purview of R. S., c. 49, §§ 19 and 20.

ON FACTS AGREED.

ASSUMPSIT, on a policy of insurance against fire.

The plaintiff, July 1, 1869, made written application to the defendant company, for insurance upon his dwelling house and outbuildings, valued at $800, and upon his two barns valued at $300 each; and the same day received from the company a policy running four years, for $500 on his dwelling house and adjoining buildings, and for $50 upon each of his barns.

On January 1, 1873, the plaintiff applied in writing to the Hartford Fire Insurance Company for insurance upon the same and other property, (representing that there was no insurance thereon;) upon house, ell and shed, valued at $2000, upon stable valued at $800, upon furniture and apparel valued at $1000 and upon organ valued at $125; and upon the same day received from the Hartford Company a policy for $1300 on his house, ell and shed, for $500 on household furniture and apparel, $100 on organ, and $200 on barn.

The first policy contained this provision: "And if the said insured or his assigns shall hereafter make any other insurance on the same property, and shall not with all reasonable diligence,

give notice thereof to this company, and have the same indorsed on this instrument, or otherwise acknowledged by them in writing, this policy shall cease and be of no effect," &c.

The Hartford policy contained a provision of forfeiture, "if the assured shall have, or shall hereafter make, any other insurance on the property hereby insured, whether such other insurance is valid or invalid, without the consent of the company written hereon."

Neither of the companies received the notice, or gave the consent provided in the policies.

June 17, 1873, the "house and outbuildings" described in the policies, were suddenly destroyed by fire.

The plaintiff brought suit upon the Hartford policy, which was entered March term, 1874, answered to by the company, and settled in July, 1874, for $1000 paid by the company to the plaintiff. Whereupon the Hartford policy was canceled and surrendered, and the action entered neither party at the September term, 1874.

The writ in this case was dated August 10, 1874; the plea was the general issue, and the case was made law on facts agreed, substantially as stated above.

*D. N. Mortland & G. M. Hicks,* for the plaintiff.

*A. S. Rice & O. G. Hall,* for the defendants.

I. The cases *Jackson* v. *Mass. Mut. Fire Ins. Co.,* 23 Pick., 418; *Clark* v. *New England Mut. Fire Ins. Co.,* 6 Cush., 342; and *Hardy* v. *Union Mut. Fire Ins. Co.,* 4 Allen, 217 ; which establish in Massachusetts, the rule of law, that to avoid a policy containing a clause against subsequent insurance without notice, the subsequent insurance must be by a valid and legal policy, are in direct conflict with *Carpenter* v. *Providence Washington Ins. Co.,* 16 Pet., 495 ; and *Bigler* v. *New York Ins. Co.,* 22 N. Y., 402. And that rule has received no countenance in this state except in the dictum of Judge Tenney, in *Philbrook* v. *New England Mut. Fire Ins. Co.,* 37 Maine, 137. Its adoption in this state is still an open question; and in view of the fraudulent practices to which it is likely to lead, it is respectfully submitted that it is good law, as well as the safer policy, to hold, with the

supreme court of the United States, that if the second policy, at the time it was made, was treated by all the parties thereto as a valid and subsisting policy, and has never in fact been avoided, then the policy declared on is void.

II. But however the court might decide the foregoing proposition, the plaintiff, in this case by bringing suit upon the second policy, and collecting it, is now concluded, upon the principle of election, from denying its validity. "The general rule is, that a person cannot accept and reject the same instrument." 2 Story's Eq. Jur., § 1077, n. 2. "This same rule of election applies to every species of right." *Weeks* v. *Patten*, 18 Maine, 42. It is analogous to estoppel, and constitutes a rule of law. In order to enable a court of law to enforce the principle, the party must have acted upon an instrument in such a manner as to be deemed concluded by what he has done, that is to have elected. 2 Story's Eq. Jur., § 1080. *Smith* v. *Smith*, 14 Gray, 532. *Weeks* v. *Patten*, 18 Maine, 42. *Smith* v. *Guild*, 34 Maine, 443.

The only cases to be found which sustain such a proposition are *Philbrook* v. *N. E. Mut. Fire Ins. Co.*, 37 Maine, 137, where the abovementioned dictum stands absolutely unsupported by authority, and *Hardy* v. *Union Mut. Fire Ins. Co.*, 4 Allen, 217, which is based solely upon the dictum. In neither of these cases, however, did the fraud of over-insurance, which is a distinctive feature of this case, exist. And in the latter case the court say, that the doctrine of estoppel does not apply, because the defendants "have not been injuriously affected" by the second policy. But in the case at bar the policy contains another clause, by the terms of which the plaintiff could only recover of defendants the proportion of the loss sustained, which the amount insured by their policy bore to the whole amount insured; so that defendants are injuriously affected by the second policy, first, by being deprived of the opportunity to cancel their policy, if they so elected, or, second, by being deprived of the benefit of the reduction of plaintiff's claim in the proportion above stated.

BARROWS, J. The defendants place their defense wholly on the ground that the plaintiff, in violation of the terms of the policy on which he declares, made a subsequent insurance upon the

same property, and did not give notice thereof with all reasonable diligence to the defendant company, and have the same indorsed on his policy, or otherwise acknowledged by them in writing.

It is admitted by the defendants, that the buildings insured were accidentally destroyed by fire before the expiration of the term for which they were insured, and that preliminary proof of loss was received by them without objection. It is admitted by the plaintiff, that some months before the fire he procured a policy in the Hartford Fire Insurance Company, for a term of three years upon these buildings and certain personal property therein contained, for $2100, $1500 of which was on the buildings, upon which policy, after the fire, he brought suit, which the Hartford Company compromised, after it had been one term in court, by the payment of $1000, for which plaintiff canceled and surrendered his policy in that company. But the plaintiff contends that his policy in the Hartford Company was invalid, and that he could not have compelled that company by law to pay his loss thereon, on account of a stipulation which it contained, that "if the assured shall have, or shall hereafter make any other insurance on the property hereby insured, whether such other insurance is valid or invalid, without the consent of the company written hereon . . . this policy shall be void."

The defendants not questioning the proposition that the Hartford policy was void by reason of this stipulation and the prior insurance in the defendant company, endeavor to maintain, as matter of law, that the cases in Massachusetts, in which it is held that to avoid a policy containing a clause against subsequent insurance without notice, the subsequent insurance must be by a valid and legal policy, are likely to lead to fraudulent practices, and ought not to be followed, that they have never yet been adopted in this state, or received any countenance except in a dictum in *Philbrook* v. *N. E. Mut. Fire Ins. Co.*, 37 Maine, 137, that they are in conflict with decisions of the supreme court of the United States, and of New York, and that the true rule is, that "if the second policy at the time it was made was treated by all the parties thereto as a valid and subsisting policy, and has never in fact been avoided," then a prior policy containing terms and conditions

with respect to subsequent insurance like the one here in suit will be void. The defendants further contend that the plaintiff is estopped from denying the validity of the policy in the Hartford Company, by virtue of his reception of a valuable consideration in settlement of his suit thereon.

That there is a direct conflict between the decisions of the Massachusetts court in *Jackson* v. *Mass. Mut. Fire Ins. Co.*, 23 Pick., 418; *Clark* v. *N. E. Mut. Fire Ins. Co.*, 6 Cush., 342; and *Hardy* v. *Union Mut. Fire Ins. Co.*, 4 Allen, 217; and those of the United States supreme court, in *Carpenter* v. *Providence Washington Ins. Co.*, 16 Pet., 495; and the supreme court of New York in *Bigler* v. *New York Ins. Co.*, 22 N. Y., 402, upon the principal point here raised, cannot be denied.

The doctrine of the Massachusetts court is supported by the decision of the supreme court of Pennsylvania, in *Stacey* v. *Franklin Fire Ins. Co.*, 2 Watts & Serg., 506; and while a decision of the point by our own court was not absolutely necessary to the conclusion reached in *Philbrook* v. *N. E. Mut. Fire Ins. Co.*, 37 Maine, 137, it formed so important a step in the process by which the court arrived at the result, that it was doubtless well considered, and substantially agreed to.

The case of *Clark* v. *N. E. Ins. Co.*, 6 Cush., 342, was carefully considered, the doctrine of the United States court in 16 Pet., thoroughly discussed, and the Massachusetts court adhered to the decision in 23 Pick., 418. The point was up for a reconsideration in *Hardy* v. *Union Mut. Fire Ins. Co.*, 4 Allen, 217, a case not distinguishable in its essential facts from the one before us, where the company making the subsequent insurance had recognized the validity of the policy issued by them, and had paid the insured the amount secured by it; and the court reiterated its former decisions of the principal question, and adopted the doctrine asserted in *Philbrook* v. *N. E. Mut. Fire Ins. Co.*, 37 Maine, 137, with regard to the supposed effect of a payment by the subsequent insurers upon a void policy, holding that the facts which occurred subsequently to the loss did not constitute an estoppel in favor of the defendants.

Very clearly that must be so; the defendants could be no more

injuriously affected by those acts than they would be by a donation of like amount to the plaintiff from any other party. The mere contingency that the company issuing the subsequent policy will do this, does not amount to an insurance. If the rights of the parties are to be governed by a stipulation that the policy granted by the defendants shall be void in case the assured shall afterwards "make any other insurance on the same property," not made known to the insurers and indorsed or otherwise acknowledged by them, we think both law and logic unite in declaring that an abortive attempt to make insurance does not meet the call nor avoid the first policy.

The Hartford Company have fortified their condition by stipulating for a forfeiture, "whether such other insurance is valid or invalid ;" and this would include a case of simple procurement or holding of a policy whether binding or not. But such is not the condition in the policy issued by these defendants.

We find no such overpowering weight of authority or reason in favor of the defendants' construction of the terms of this condition, as inclines us to retract the intimation given by this court in *Philbrook* v. *N. E. Ins. Co.*, 37 Maine, 137. The defendants having agreed to a default unless the plaintiff's action is defeated by what is erroneously claimed to be a second insurance, the defense fails. There is another view of the case leading to the same result. In 1861, the legislature of this state designing to make the contract of insurance what it purports to be, a contract of indemnity against all fair accidental losses by the perils insured against, enacted among other provisions in c. 34, Laws of 1861, that no breach of any of the conditions or terms of the contract by the insured shall affect the contract unless the risk was thereby materially increased.

This was substantially re-enacted in R. S., c. 49, § 19 ; and in § 20, it is declared that "all provisions contained in any policy of insurance in conflict with any of the provisions hereof are null and void ; and all contracts of insurance made, renewed or extended in this state, or on property within this state, shall be subject to the provisions hereof." The defendants claim here to be re-

lieved by this alleged breach of one of the terms of the contract by the insured.

But under the statute provisions just quoted, the plaintiff's action would not be defeated even by a subsequent valid policy of insurance, unless it also appeared that the risk was thereby materially increased. The case is barren of any such proof. The insurers expressly admit that during the life of the policy the buildings were accidentally destroyed by fire, and that notice of the loss was given to them, which they received without objection. It was against such a loss as they have admitted, that they contracted to indemnify the plaintiff. *Defendants defaulted.*

APPLETON, C. J., WALTON, DICKERSON, DANFORTH and LIBBEY, JJ., concurred.