### TURNER *v.* MERIDAN FIRE INS. CO.

*(Circuit Court, D. Rhode Island.   March 9, 1883.)*

1. CONTRACT—WHEN VOIDABLE.
   In all contracts where stipulations avoiding the same are inserted for the sole benefit of one of the parties, the word "void" is to be construed as though the contract read "voidable."

2. SAME—FIRE INSURANCE—POLICY, WHEN VOIDABLE—DOUBLE INSURANCE.
   Where a policy by its terms provided that it should be void on a breach of any of its conditions, its legal effect is simply to render it voidable at the election of the insurer, and the insurer may waive the forfeiture and continue the policy in force.

3. SAME—POLICY—BREACH OF COVENANT—EFFECT OF.
   Where a policy of insurance contained the provision that it should be void in case the insured should have made or should thereafter make any other insurance on the property without the written consent of the company, and no notice was given of any other insurance, nor was the fact discovered until after the fire, the policy is voidable at the election of the insurer.

At Law.   Motion for a new trial.

*Stephen Essex*, for plaintiff.

*Oscar Lapham*, for defendant.

Before LOWELL and COLT, JJ.

COLT, J.   On July 9, 1879, the defendant issued a policy of insurance to the plaintiff, running for five years.   Afterwards, on Novem-

ber 15, 1880, the plaintiff took out another policy for five years, covering the same property, in the Springfield Fire & Marine Insurance Company. The property was destroyed by fire March 8, 1881. Both policies contained a provision that they should be void in case the insured "shall have or shall hereafter make any other insurance on the property," without the written consent of the company. No notice was given of other insurance to either company, nor was the fact discovered until after the fire. The Springfield Company, on learning that the plaintiff had another policy in the defendant company, declined to pay the loss. Afterwards, in October, 1881, the Springfield policy was surrendered and canceled on payment of $200 to the plaintiff. The company, however, always denied any legal liability. The defendant also refused payment of its policy, on the ground of subsequent insurance in the Springfield Company, and false swearing in relation thereto in the proofs of loss. This suit was brought in February, 1882, in the Rhode Island state court, and afterwards removed here. The case was heard by the court, jury trial having been waived.

The main question to be determined upon this motion is whether the defendant company can hold its policy to be invalid by reason of the subsequent policy taken out in the Springfield Company. What constitutes other insurance, within the meaning of this condition in insurance policies, is a question upon which courts have widely differed. The doctrine laid down by the highest tribunals of Massachusetts and some other states is that the subsequent insurance being invalid, at the time of loss, by reason of the breach of condition therein, the prior insurance is good, even though the second company waive the forfeiture and pay its policy in full. *Thomas* v. *Builders' Ins. Co.* 119 Mass. 121; *Jackson* v. *Mass. Fire Ins. Co.* 23 Pick. 418; *Clark* v. *New England Fire Ins. Co.* 6 Cush. 342; *Hardy* v. *Union Ins. Co.* 4 Allen, 217; *Lindley* v. *Union Ins. Co.* 65 Me. 368; *Philbrook* v. *New England Fire Ins. Co.* 37 Me. 137; *Gee* v. *Cheshire Co. Ins. Co.* 55 N. H. 65; *Gale* v. *Ins. Co.* 41 N. H. 170; *Schenck* v. *Mercer Co. Ins. Co.* 4 Zab. 447; *Jersey City Ins. Co.* v. *Nichol,* Am. Law Reg. Sept. 1882, p. 620; *Stacey* v. *Franklin Ins. Co.* 2 Watts & S. 506; *Sutherland* v. *Old Dominion Ins. Co.* 8 Ins. Law J. 181, (Va. Ct. of Appeals;) *Ins. Co.* v. *Holt,* 35 Ohio St. 189; *Knight* v. *Eureka Ins. Co.* 26 Ohio St. 664; *Rising Sun Ins. Co.* v. *Slaughter,* 20 Ind. 520; *Allison* v. *Phœnix Ins. Co.* 3 Dill. 480.

On the contrary it is held, elsewhere, that a subsequent policy,

whether legally enforceable or not, or whether voidable on its face or voidable for extrinsic matter, works a forfeiture of the prior policy. *Somerfield* v. *Ins. Co.* 8 Lea, 547; *Funke* v. *Minnesota Farmers' Ins. Ass'n,* 15 Rep. 114, Jan. 24, 1883, (Sup. Ct. of Minn.;) [S. C. 13 N. W. Rep. 164;] *Suggs* v. *Liverpool, London & Globe Ins. Co.* 9 Ins. Law J. 657, (Ky. Ct. of Appeals;) *Allen* v. *Merchants' Ins. Co.* 30 La. Ann. 1386; *Lackey* v. *Georgia Home Ins. Co.* 42 Ga. 456; *Bigler* v. *N. Y. Cent. Ins. Co.* 22 N. Y. 402; *Landers* v. *Watertown Ins. Co.* 86 N. Y. 414; *Carpenter* v. *Providence Washington Ins. Co.* 16 Pet. 495; *Jacobs* v. *Equitable Ins. Co.* 19 U. C. Q. B. 250; *Ramsey, etc., Co.* v. *Ins. Co.* 11 U. C. Q. B. 516; *Mason* v. *Ins. Co.* 37 U. C. C. P. 47; *Royal Ins. Co.* v. *McCrea,* 8 Lea, 531; *Equitable Ins. Co.* v. *McCrea,* Id. 541.

There is still another view taken by the supreme court of Iowa, in the case of *Hubbard* v. *Hartford Fire Ins. Co.* 33 Iowa, 325, to the effect that the question of recovery under the prior policy turns upon whether the subsequent policy has been in fact avoided. If the subsequent policy is recognized by the company issuing it as a valid policy, any breach of condition being waived, this makes it a valid insurance, and constitutes it a good defense to an action upon the prior policy; but if the subsequent policy has been avoided by the company, there is no other insurance, so as to defeat a recovery on the prior policy. Although at first this reasoning may strike the mind as a fair compromise between the other conflicting positions taken upon this question, it is a subject of such grave objections that it cannot be considered tenable.

If the condition in the first policy was violated, it was done at the time the second contract of insurance was entered into, and the subsequent affirmance or disaffirmance of the second contract, should not affect the validity of the first. The validity of the first contract can hardly turn upon what a stranger to it may do with reference to another contract, even after liability upon the first contract has become absolute by a destruction of the property. *Funke* v. *Minnesota Farmers' Ins. Ass'n, supra.*

At the trial of the cause, it seemed as if the weight of authority was in favor of holding the prior policy good upon the ground that the subsequent policy was invalid, and this position had been held by Judge DILLON in *Allison* v. *Phœnix Ins. Co.* 3 Dill. 480, not to be in conflict with the real point in judgment in *Carpenter* v. *Providence Washington Ins. Co.* 16 Pet. 495; but upon further consideration of

all the authorities, and the principles which govern them, we cannot adopt this view.

This construction is open to the objection that the insured may collect both policies. It is also subject to the criticism that, in deciding upon the validity of one contract, the court, in the same action, must go outside of it, and determine, first, the validity of one or more independent contracts, involving, perhaps, an inquiry into complicated questions of fact respecting those contracts. *Royal Ins. Co.* v. *McCrea,* 8 Lea, 538. But further than this the principle upon which this construction is founded does not appear to be satisfactory. The reasoning in these cases is based largely on the assumption that the second policy is *void* by reason of the breach of condition therein, and that the issuing of such a void policy is no violation of the condition as to other insurance in the first policy. But is not this assumption too broad? Is it legally true that the second policy is a void contract? Conditions of this character in insurance policies are inserted for the benefit of the insurer, and their violation does not render the policy void, but only voidable at the election of the insurer. It is still a binding contract upon the insured. He can take no advantage of this breach of condition, and the insurer could still enforce the contract against him if anything was to be gained by so doing. "Although the policy by its terms provides that it shall be void on a breach of any of its conditions, its legal effect is simply to render it voidable at the election of the insurer, and that the insurer can waive the forfeiture and continue the policy in force; or, to state the proposition more broadly, in all contracts where the stipulations avoiding the same are inserted for the sole benefit of one of the parties, the word 'void' is to be construed as though the contract read 'voidable.' This view seems to be sound in principle, just in practice, and is certainly well sustained by authority." *Masonic Mut. Benefit Society* v. *Beck,* (Sup. Ct. of Indiana;) 11 Ins. Law J. Oct. 1882, p. 755; *Armstrong* v. *Turquand,* 9 Irish C. L. 32; S. C. 3 Life & Acc. R. 350.

The party in default cannot defeat the contract. *Viele* v. *Germania Ins. Co.* 26 Iowa, 1. The policy is merely voidable, and may be avoided by the underwriters upon due proof of facts, but until so avoided it must be treated for all practical purposes as a subsisting policy. *Carpenter* v. *Providence Washington Ins. Co.* 16 Pet. 495. See, also, *Baer* v. *Phœnix Ins. Co.* 4 Bush, 242, and authorities before cited.

The doctrine of waiver as applied to conditions in policies of insurance, and which is invoked so frequently, is founded, in part at least, upon the theory that breach of condition only renders the policy voidable. The same principle prevails as to conditions in leases where the term "void" is used. The lease becomes void only by the lessor's electing to treat it so, and not by the mere happening of the breach, and modern decisions have quite exploded the old distinction in this respect between leases for years and for life. *Viele* v. *Germania Ins. Co.* 26 Iowa, 70, note; Taylor, Landl. & Ten. § 492.

As the second policy is not a void contract, but only voidable at the election of the company, as it is a contract entered into by the insured, and which he cannot dispute, and as the reason, if any, why he cannot legally enforce it arises from his own neglect or misrepresentation, may it not be fairly claimed that this is other insurance within the meaning and intent of the condition in the first policy? We think the rule, supported as it is by authorities of great weight, which holds the taking out of a voidable policy a violation of the provisions respecting other insurance in the first policy, the best one, and subject to less serious objections than any other.

What was the position of this plaintiff at the time of the loss? He had one policy of insurance in the defendant company, and he had another policy of later date in the Springfield Company. This second policy was issued in good faith by the Springfield Company and the premium paid. It was a policy, the validity of which the plaintiff could not deny, and upon which he obtained $200 by way of compromise. It seems to us that upon any fair rule of interpretation this must be considered a breach of the condition as to other insurance in the defendant's policy.

We cannot bring our minds to assent to the proposition that a subsequent contract of insurance, binding upon the assured, and which the company may pay in full or in part, is no violation of the terms of the first policy.

We believe the general rule, that conditions in insurance policies inserted for the benefit of the company should be strictly construed against it, to be a sound one, and we do not think our conclusion in this case inconsistent with this doctrine; at the same time we should bear in mind that this condition is a reasonable one, in that it is of great consequence to the insurer as a protection against fraud to know whether other insurance exists; and it is said, therefore, that this provision is not regarded with the jealousy due to other provisions which

work a forfeiture, but is upheld as a fair and just provision for a reasonable and proper purpose. May, Ins. § 346.

New trial granted.

The question involved in the particular case is of considerable importance. It has been before the courts in a great number of cases, and appears to be as unsettled a question now, as when it was raised for the first time. The opinion announced in the particular case cites the cases on both sides, and it is evident that the question raised is about as uncertain upon the authorities as any question in the law of insurance.

VALIDITY OF THE PRIOR POLICY. Of course no question can seriously be raised as to the invalidity of the prior policy, containing a condition against subsequent insurance such as is found in the policy in the particular case, when it is evident that the subsequent policy is a legal one. A subsequent valid policy unquestionably avoids a prior one conditioned against other insurance.(a) The difficulty arises in cases where the subsequent policy contains a condition that it shall be void in case the insured "shall have or shall hereafter make any other insurance on the property," without the consent of the company. The courts holding, contrary to the decision in the particular case, that the prior policy is valid notwithstanding a subsequent policy of this kind is taken out, attach great importance to the words "make other insurance" contained in the condition inserted in the policy. Thus, it has been said by the court in New Jersey: "The exact term used is important—'make other insurance;' not if she shall obtain, or attempt to obtain, any other policy of insurance, whether valid or not valid. The difference between a policy and a valid, effectual insurance is here indicated; it is the difference between the instrument and the object sought by it. * * * While, therefore, we are constrained to say that the word 'void' in the second policy does not mean voidable, or something else than void, although such interpretation works a forfeiture and avoids that instrument, we are also justified in holding that the word 'insurance' used in the first policy is not equivalent to the word 'policy,' and that the subsequent policy obtained, being no insurance, creates no forfeiture. There can be no other reasonable conclusion; for a contract of insurance is a contract of indemnity, and if there be no indemnity by its terms, and the contract is void, then there is no insurance, though there may be a policy of insurance in form. The call for an insurance in fact, is not met by the formal execution of a contract for insurance, which is defeated as soon as it is made by one or more of the provisions or conditions contained in it."(b) It is not necessary to cite the cases which adopt this line of reasoning, as they are collected in the opinion in the particular case. The reasoning of the cases which adopt the contrary theory is so clearly stated in the particular case, that nothing on that point need be said in this connection. Nevertheless, it will be interesting to notice the language of the supreme court of Georgia in holding a prior policy void by reason of subsequent insurance.

. (*a*) Burt v. People's Mutual Fire Ins. Co. 2 Gray, 397; Illinois Fire Ins. Co. v. Fix, 53 Ill. 151; Shurtleff v. Phœnix Ins. Co. 57 Me. 137.

(*b*) Jersey City Ins. Co. v. Nichol, 35 N. J. Eq. 291.

In that state it is provided by the Code that "a second insurance on the same property, without the consent of the insurer, voids his policy." The court said: "Now, it is just as entirely within this public policy to have a second insurance which one *thinks* is good, as to have one which is really good. The danger of a burning is the same in both cases; nay, the very fact that one has fraudulently procured an over-insurance is, *prima facie*, a suspicious circumstance. The public evil, which the law intended to prevent, is just the same, perhaps greater, if the second insurance be a fraudulent one. Technically, it may be true that there is no second insurance; but to give this construction to the statute would, as it seems to us, be indeed sticking in the bark. Such is not the usual mode of construing even criminal statutes. Our law against bigamy provides a punishment for one who *marries* having at the time another wife living. But, says this mode of reasoning, the second marriage is void; one cannot marry with a wife living. So, too, we make it penal to alter a promissory note; yet in fact the alteration is void, and if de tected can hurt no one.(c)"

EFFECT OF PAYMENT UNDER THE SUBSEQUENT POLICY. It has been held .that the fact that the subsequent insurers may have regarded their policies as valid, and may have paid a part of the whole of the amount insured, does not constitute matter of defense to an action on a prior policy conditioned to be void in case of other insurance; the reason being that the rights of the parties, under the first policy, must be considered as fixed at the time the loss occurred, and cannot be affected by what may be subsequently done between the insured and third parties. The material question in such cases is whether the second policy was a valid one. If it was not in fact a valid one at the time the loss occurred, then, in accordance with the decisions which hold the first policy not avoided by the taking out of a subsequent invalid policy, the first policy was good at the time of the loss, and should not be invalidated by any subsequent transaction to which the first insurer was not a party.(d)

WHAT AMOUNTS TO DOUBLE INSURANCE. Double insurance occurs only when the second insurance is upon precisely the same property as that covered by the first insurance. Consequently it has been held that a policy on a store was not avoided by a subsequent policy on the goods in the store.(e) In a case in New York where there was an insurance of $1,000 on fixtures, and $3,000 on stock, and another insurance of $5,000 on fixtures and stock as one parcel, it was held that a double insurance had not been effected.(f) This would seem to be altogether absurd, looking at the question from the standpoint of common sense. Much more satisfactory is a case decided in Maryland. In that case a policy of insurance to the amount of $1,000—$700 on stock of books and stationery, and $300 on music, etc.—contained a covenant that if the assured "shall hereafter make any other insurance on the hereby insured premises, he should, with all reasonable diligence, notify the same to

---

(c) Lackey v. Georgia Home Ins. Co. 42 Ga. 456.

(d) Fireman's Ins. Co. v. Holt, 35 Ohio St. 189; Thomas v. Builders' Mutual Fire Ins. Co. 119 Mass. 121; Hardy v. Union Mutual Fire Ins. Co. 4 Allen, (Mass.) 217; Philbrook v. New England

Ins. Co. 37 Me. 137. And see Bardwell v. Conway Ins. Co. 118 Mass. 465.

(e) Jones v. Maine Mutual Fire Ins. Co. 18 Me. 155.

(f) Howard Ins. Co. v. Scribner, 5 Hill, 298.

this corporation," or, in case of default, the policy should be of no effect. It was held that if any part of the goods mentioned in the policy was afterwards insured in another company without the consent of the first company, the whole insurance under the first policy would thereby become void.(*g*)   So it has been held that where the premises insured consisted of two distinct buildings, separately covered by prior insurance, and a subsequent policy covered both, a case of double insurance was made out within the meaning of the condition.(*h*)   But the insured may take policies upon different parts of the same building, or of the merchandise within the building, or upon different interests in both.(*i*)   In the case in Pennsylvania, where one policy covered only the building, and another covered the building, machinery, and stock in trade, it was held not to constitute double insurance.(*j*)

Two policies on the same property by different persons, each for the benefit of different persons, does not constitute double insurance.(*k*)   In *Continental Ins. Co.* v. *Hulman*,(*l*) the provision in the policy was that the policy should be void in case of other insurance without consent, whether valid or not.   A policy was made out insuring A. and B. against loss or damage by fire upon their dwelling-house, and it contained the following clause: " Loss, if any, payable to C., mortgagee, as his interest may appear."   Afterwards, A., one of the insured, procured other insurance.   The claim was made that the interest of the mortgagor and mortgagee was distinct, and that each might be insured without one policy avoiding the other as being other insurance.   The court, however, held that making the loss, if any, payable to the mortgagee was not an insurance of the latter's interest; it was merely an agreement that C. should recover whatever the person originally insured might be entitled to recover in case of loss.   That it was not an insurance of the mortgagee's interest is very clear.(*m*) On the other hand, if the mortgagee himself insures his own interest as such, the validity of his policy will not be affected by any insurance which may have been procured by the mortgagor.   Thus, in *Westchester Fire Ins. Co.* v. *Foster*,(*n*) Foster, the mortgagee, had a policy issued to himself and one Baumhard, the mortgagor, but it contained the following provision: "Loss, if any, first payable to Thomas J. Foster, as his interest may appear."   The court said: " It will be observed that Baumhard paid no part of the premium for the policy in question, nor did he know that it had been issued, nor was it for his benefit or payable to him.   Did the fact, therefore, that he had a policy when this one issued, in any manner affect the validity of the policy in question?   If Foster had held a policy at the time this one issued, it is no doubt true the clause referred to would have been violated.   But Foster, the insured, had no insurance on the property, nor were his rights in any manner affected by the insurance that Baumhard had effected.   As mortgagee, he had a right to a policy on his interest in the property, and as he paid for the policy, and obtained it without

(*g*) Associated Fireman's Ins. Co. v. Assum, 5 Md. 165.

(*h*) Madison Ins. Co. v. Fellowes, 1 Disney, (Ohio,) 217.

(*i*) Roots v. Cincinnati Ins. Co. 1 Disney, (Ohio,) 138.

(*j*) Sloat v. Royal Ins. Co. 49 Pa. St. 14.

(*k*) Wells v. Philadelphia Ins. Co. 9 Serg. & R. (Pa.) 103.

(*l*) 92 Ill. 145.

(*m*) See Franklin Savings Institution v. Central Mutual Fire Ins. Co. 119 Mass. 240; Fogg v. Middlesex Mutual Ins. Co. 10 Cush. 337 ; Hale v. Mechanics' Mutual Ins. Co. 6 Gray, 169 ; Loring v. Manufacturers' Ins. Co. 8 Gray, 28; Sias v. Roger William Ins Co. 8 Fed. Rep. 187; Flanders, Fire Ins. 441.

(*n*) 90 Ill. 121.

the knowledge or consent of the mortgagor, he was not affected by any prior insurance. To constitute a double insurance, the two policies must not only be for the benefit of the same person, and on the same subject, but for the same entire risk."

In *Burton* v. *Gore District Mutual Fire Ins. Co.*(o) the facts were as follows: The insured obtained the consent of the company to an assignment of the policy, and thereupon indorsed the policy to the plaintiff, who was a mortgagee. The insured obtained thereafter additional insurance in another company without the consent of the first company. The question was whether such subsequent insurance destroyed the policy which he had assigned. The court of chancery held that the policy was not void in equity as respected the mortgagee. The court of Queen's Bench had decided the question differently in 14 U. C. Q. B. 342. But the chancellor said: "The court of Queen's Bench, by a majority of its judges, held that an assignment by way of mortgage was an alienation within the meaning of the statute, and entitled the plaintiffs at law to sue in their own name; and yet, with what seems to me an inconsistency, they also held that the mortgagor, who had thus alienated the policy, could by his own sole act afterwards destroy it. Whatever difficulty a court of law might have felt in dealing with the divisible interests of mortgagor and mortgagee, no such difficulty exists here. I think the mortgagor, by the subsequent insurance, only destroyed his own interest in the policy, leaving that of the mortgagee unaffected."

If the mortgagees insure their own special interest as mortgagees, but the mortgagors agreed to pay the expense of obtaining the insurance, it has been held to be an insurance effected by the mortgagors within the meaning of the clause against double insurance.(p) The case proceeds upon the theory that although the mortgagees would have a lien on the insurance money as security for the debt, yet the mortgagors could compel its application to the payment of the debt, and the surplus would belong to them.

Without pursuing this branch of the subject further, it is enough to say that the clause against double insurance does not mean that the same property shall not be insured twice, but that it shall not be insured twice by the same person or in the same interest.(q)

EFFECT OF DOUBLE INSURANCE ON PART OF THE PROPERTY. Where the words of the condition are that in case of double insurance on the premises or property insured, without notice, etc., the policy granted thereon shall be void, the question has been raised whether, to enable this condition to operate, the double insurance must be not merely on a part of the property insured, but on *the* property insured; that is, on the whole property. It has been held, however, that the whole policy is avoided by a double insurance on a part of the property. Thus, there was insurance on a building, on the

(o) 12 Grant, Ch. (U. C.) 156.

(p) Holbrook v. American Ins. Co. 1 Curtis, C. C. 200.

(q) See Gilchrist v. Gore District Mut. Ins. Co. 34 U. C. (Q. B.) 15; Park v. Phœnix Ins. Co. 19 U. C. (Q. B.) 110, 121; Franklin, etc., Ins. Co. v. Drake, 2 B. Mon. 47; Burbank v. Rock Ins. Co. 4 Foster, (N. H.) 550; Woodbury Savings Bank v. Charter Oak Ins. Co. 31 Conn. 518; Ætna Ins. Co. v. Tyler, 16 Wend. 385; Rowley v. Empire Fire Ins. Co. 36 N. Y. 550; Fox v. Phœnix Ins. Co. 52 Me. 333; Marigny v. Home Mut. Ins. Co. 13 La. Ann. 338; Norwich Fire Ins. Co. v. Boomer, 52 Ill. 442; Tuck v. Insurance Co. 56 N. H. 326; Pitney v. Gen. Falls Ins. Co. 61 Barb. 335; Wells v. Phil. Ins. Co. 9 S. & R. (Pa.) 103.

machinery, and on the stock in it, and a second insurance was taken out on the building and machinery. The policy was adjudged invalid, not merely as to the building and machinery, but also as to the stock in the building, upon which, of course, there was no double insurance.(*r*) That the clause against double insurance is violated when the subsequent insurance covers a part only of the interest embraced, is held in *Columbus Ins. Co.* v. *Walsh ;*(*s*) *Liscom* v. *Boston Mut. Fire Ins. Co.*;(*t*) *Mussey* v. *Atlas Mut. Ins. Co.*;(*u*) *Allen* v. *Merchants' Mut. Ins. Co* ;(*v*) *Associated Fireman's Ins. Co.* v. *Assum.**

WAIVER OF THE CONDITION AS TO DOUBLE INSURANCE. The condition in a policy of insurance that it shall be void in case the insured "shall have or shall hereafter make any other insurance on the property" without the consent of the company, contemplates that the consent to future insurance shall be given in advance. And it has been held that the consent, in absence of evidence dispensing with such signature, should be signed by the person whose signature is declared necessary to the validity of the policy and its extensions; that an unsigned consent to additional insurance could only be upheld on proof of authority to bind the insurers in that way, or by action amounting to ratification or estoppel.(*w*) It is well settled, however, that the company may, by the action of its agent, be estopped from insisting upon the condition; in other words, the company may, by the conduct of its agent, waive the condition. When an agent, with whom all the dealings were had, and whose authority is not shown to have been restricted in any way, has so acted as to have bound himself by way of estoppel not to dispute the validity of certain additional insurance on the point of consent, the company will be likewise bound.(*x*) In *American Central Ins. Co.* v. *McRea,*(*y*) the policy provided that it should be void in case of other insurance without written consent indorsed on the policy, and that the use of general terms, or anything less than a distinct specific agreement clearly expressed and indorsed on the policy, should not be a waiver of any condition. Notice of other subsequent insurance was given to the general agent, who assented thereto, but postponed, for his own convenience, indorsing his consent on the policy. It was held that the company had waived the condition. In *American Ins. Co.* v. *Luttrell,*(*z*) where a canvassing agent of the insurance company was fully informed of a prior insurance on the same property, but had prepared the application so as to make it show that there was no other insurance, which application the insured signed, and a policy was issued thereon, it was held that the company had waived the condition, and, in an action on the policy, was estopped from showing the prior insurance. So, in *Lycoming Ins. Co.* v. *Barringer,*(*a*) it was adjudged that, notwithstanding such condition in the policy, yet if the agent of the company, at the time he issued the policy, knew of another insurance on the same property, and made no objection to issuing it on that acccount, and received the premium, it amounted to a waiver of

(*r*) Ramsay Woolen Cloth, etc., Co. v. Mutual Fire Ins. Co. 11 Q B. (U. C.) 516.

(*s*) 18 Mo. 229.

(*t*) 9 Metc 205.

(*u*) 14 N. Y. 79.

(*v*) 30 La. Ann. 1386

(*) 5 Md. 165.

(*w*) Security Ins. Co. v. Fay, 22 Mich. 467, 471.

(*x*) Westchester Fire Ins. Co. v. Earle, 33 Mich. 144.

(*y*) 8 Lea, 513.

(*z*) 89 Ill. 314.

(*a*) 73 Ill. 230.

the condition by the company, and the policy was binding. In *Brandup* v. *St. Paul, etc., Ins. Co.*,(b) the same person was the agent for two different companies, and was applied to for insurance on the same property in both companies, and issued the policies. The court very rightly held that the company was chargeable with its agent's knowledge of the application for and issuance of the policy of the other company, and that, by the delivery of its policy without indorsing its consent to the other insurance, it had waived, as to such other insurance, a condition in its policy avoiding the policy in case of other insurance unless its consent was indorsed on the policy. In *Allemania Fire Ins Co.* v. *Hurd*,(c) the facts were as follows: The agent of the company, in reply to a letter from the insured, wrote: "We will, of course, allow other concurrent insurance with the Allemania policy, and will also place you more insurance at the same rate that we charged you before, and do it in 'A 1' company or companies. * * * Trusting to hear from you at your earliest convenience, we remain," etc. It was held that this did not take the place of consent required by the terms of the policy, the agent not having heard from the insured afterwards, either in asking for insurance, or notifying him that insurance had been obtained. In *Western Assurance Co.* v. *Atwell*,(d) it was ruled that the condition as to double insurance was binding in law, and that its performance would not be held to be waived by the company if their agent, on being notified of such double insurance *after the fire*, made no specific objection to the claim of the assured on that ground In a case in New York the provision in the policy required the insured, in case he procured other insurance, to give notice to the company, and have the same indorsed on the policy, or otherwise acknowledged or approved by them in writing. Other insurance was procured, and notice given to the company, and the receipt of the notice was acknowledged by the secretary of the company, without more. There was no disapproval, nor was there any suggestion that the matter was reserved for further consideration. The court held that this was an approval in writing.(e)

It seems clear that the tendency of the modern cases is to the effect that the consent to double insurance need not be indorsed on the policy as literally required by the stipulation.(f) At one time there seems to have been considerable doubt as to the power of an agent of the company to waive the condition, expressed in the policy, against other insurance. But no doubt is longer entertained as to his power to do so.(g) An interesting case on this point has been recently decided in the supreme court of New Jersey. In that case the condition annexed to and made part of the policy provided that,

(b) 27 Minn. 393.

(c) 37 Mich. 11.

(d) 2 L. Can. Jur. 181.

(e) Potter v. Ontario, etc., Mut. Ins. Co. 5 Hill, 147.

(f) See Northrup v. Miss. Valley Ins. Co. 47 Mo. 435; Franklin v. Atlantic Fire Ins. Co. 42 Mo. 456; Horwitz v. Equitable Mut. Ins. Co. 40 Mo. 557; Peck v. New London, etc., Mut. Ins. Co. 22 Conn. 575; Walsh v. Ætna Life Ins. Co. 30 Iowa, 133; Viele v. German Ins. Co. 26 Iowa, 55; National Fire Ins. Co. v. Crane, 16 Md. 260; Hutton v. Beacon Ins. Co. 16 U. C. (Q. B.) 316.

(g) See Geib v. International Ins. Co. 1 Dill. 443; Whitwell v. Putnam Fire Ins. Co. 6 Lans. 136; McEwen v. Montgomery County Mutual Ins. Co. 5 Hill, 101; Sexton v. Montgomery Mutual Ins. Co. 9 Barb. 191; Kenton Ins. Co. v. Shea, 6 Bush, 174; Van Vories v. Life Ins. Co. 8 Bush, 133; Planters'- Mut. Ins. Co. v. Lyons, 38 Texas, 253; Carrugi v. Atlantic Fire Ins. Co. 40 Ga. 135; Hadley v. N. H. Ins. Co. 55 N. H. 110; National Ins. Co. v. Crane, 16 Md. 260; Schenck v. Mercer Co. Mut. Ins. Co. 24 N. J. 447; Cobb v. Ins. Co. 11 Kan. 83.

in case the insured should effect other insurance on the property and should not within 10 days give notice thereof to the company insuring, and " have the same indorsed on this instrument or otherwise acknowledged by them in writing," the policy should cease and be of no further effect. It was held, when one insured under such a policy gave notice to an agent of the company and delivered to him the policy for transmission to the company, and the agent afterwards returned the policy, asserting it to be all right, and the insured acted upon the assertion and treated the policy as still in force to the knowledge of the company, that the company was estopped from contesting the performance of the condition, although no indorsement was made on the policy and no acknowledgement in writing was produced. And it was further held that if the company issuing such a policy was a mutual one, of which each person insured is a member, and the by-laws of the company require such a condition in all its policies, and prohibit the alteration of its by-laws except by a vote of its directors, the insured was not thereby debarred from claiming an estoppel arising out of the conduct of officers or authorized agents of the company, against contesting, by the company, the performance of such a condition.(h) We may add here that under similar conditions against subsequent insurance, not consented to in writing by the first company, it has been held in a number of cases to be the duty of the company, when informed of the subsequent insurance, to notify the insured of its refusal to assent thereto; and that until such refusal is made known to the insured the policy is valid, notwithstanding the condition.(i)

In Canada, where it has been provided by statute that the policy shall be void in case of double insurance, it is held that the clause against double insurance cannot be waived "by consent of the parties, notice, consent, or verbal or tacit acquiescence;" and that the waiver cannot be relied on any more in a court of equity than of law. The principle is that what an act of parliament expressly requires cannot be waived.(j)

HENRY WADE ROGERS.

(h) Redstrake v. Cumberland Mut. Fire Ins. Co. 44 N. J Law, 294.

(i) See Wood, Ins. 838; Potter v. Ontario Ins Co. 5 Hill. (N. Y ) 147; Planters' Mut Ins. Co. v. Lyon, 38 Tex. 253; Hadley v. N. H. Ins. Co. 55 N. H. 110; Horwitz v. Equitable Ins. Co. 40 Mo. 557.

(i) Merritt v. Niagara Mutual Ins. Co. 18 U. C. 529.