ALLISON, (HARTSHORN v.)

[See Hartshorn v. Allison, Case No. 6,165.]

## Case No. 252.

### ALLISON v. PHOENIX INS. CO.

[3 Dill. 480;[2] 4 Ins. Law J. 198.]

Circuit Court, D. Iowa. 1873.

DOUBLE INSURANCE—NOTICE — ENTIRETY OF POLICY COVERING DISTINCT PROPERTY SEPARATELY VALUED.

1. A second fire policy invalid by reason of misrepresentation as to prior insurance. does not constitute additional insurance within the meaning of the usual condition against other insurance contained in a prior policy, in another company.

[See Holbrook v. American Ins. Co., Case No. 6,589. Contra, see Turner v. Meridan Fire Ins. Co., 16 Fed. 454. For discussion of question of double insurance, see note to latter case.]

2. Carpenter v. Providence Wash. Ins. Co., 16 Pet. (41 U. S.) 495, distinguished.

3. Whether a second valid insurance on furniture not notified to the company issuing the first policy, which covered other property separately valued, as well as furniture, avoids the first policy, in toto, or only as to the furniture, quaere. See cases cited.

[At law. Action by B. F. Allison on a policy of fire insurance against the Phoe-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

nix Insurance Company. Judgment for plaintiff.]

This is an action on a fire policy to recover $2,000, the amount insured by the defendant upon the plaintiff's stock of goods. The written portion of the policy, which was dated February 7, 1870, and expired in one year, is as follows: $2,000 on his stock of dry goods, boots and shoes, and groceries; $200 on his household goods and furniture, in a one story wood building, 20x52, on lot 1, blk. 18, town of Ogden, Iowa. On the 13th day of June, 1870, the agent of the defendant indorsed on the policy: "Permission is hereby given by the Phoenix insurance company to B. F. Allison to transfer his stock of goods and furniture to Grand Junction, Iowa, to be kept in a one and a half story wood building, 22x36 feet, detached." The transfer was made accordingly. The defendant's policy contains the following provision: "If any other insurance has been or shall hereafter be made upon the said property and not consented to by this company in writing hereon, this policy shall be null and void." On this provision a special defense was made by the company which set up (4th count of answer) that the plaintiff, without its consent, had procured "other insurance," to wit: "$200 in the Hawkeye company," on his household furniture, being part of the property covered by the defendant's policy. The facts in this respect appear in the special verdict, hereafter set forth. The jury found against the company, on the other defenses, and rendered a general verdict for the plaintiff for $1,500 (the value of the stock of goods consumed), subject to the rights of the parties on the facts found in the special verdict, which is as follows:

Special verdict.—"We find that the foregoing verdict for the plaintiff is subject to the right of the parties upon the following special verdict as to the defense set up in the fourth count of the answer in respect to other insurance, to-wit: After the policy in suit was issued, and before the fire, to-wit, on the 29th of November, 1870, and after the property mentioned in the policy in suit was removed to Grand Junction, under the permission indorsed on the policy, the plaintiff herein applied to the Hawkeye insurance company for insurance, and on November 29, 1870, the said Hawkeye company issued to the plaintiff a policy of insurance of that date for one year, whereby, in consideration of $12.50, said Hawkeye insurance company insured the plaintiff against loss or damage by fire, as follows: "$500 on his frame store and dwelling house in Grand Junction, and $200 on his household furniture, and $75 on his general library contained therein," and delivered said policy to the plaintiff and said policy remained in force until after said house and furniture and library were destroyed by fire. The said store and house thus insured by the Hawkeye company are the same building into which the defendant gave the plaintiff permission to move the goods and household furniture mentioned in the policy in suit. Said store and dwelling house were all under one roof, and so was the "one story wood building," at Ogden, mentioned in the policy in suit. Said policy issued by the defendant, and said policy issued by the Hawkeye company, and the respective applications by the plaintiff for insurance to the said companies are annexed as part of this special verdict. The same fire totally consumed the building, the stock of goods therein, and all the household furniture. When plaintiff removed to Grand Junction he took his stock of goods and most of his household furniture with him, but after such removal and before taking out the said policy in the Hawkeye company, he had made some additions to his household furniture. (In the written application to the Hawkeye company, the plaintiff, in answer to a question, said there was no insurance on the building or household furniture.) The jury submitted to the court, as a question of law under the pleadings, whether the above facts constitute a defense to an action on the policy in suit for the value of the stock of dry-goods insured in said policy? If they do, then the jury find for the defendant, if not, they find a general verdict for the plaintiff, for the amount named therein, to-wit, $1,500."

The application for insurance in the Hawkeye company stated incorrectly that there was "no other insurance on the household furniture." The Hawkeye policy contained a condition "that any other insurance on the property hereby insured, or any part thereof, not notified to the company, should avoid the policy." The Hawkeye company had no notice of the prior insurance in the defendant company on the furniture; nor did the defendant company have notice of the subsequent policy in the Hawkeye company. The stock of goods and the household furniture, and the house at Grand Junction, were destroyed by a fire having a single origin. The plaintiff, after the fire, compromised his loss under the Hawkeye policy with that company. The defendant now moves to set aside the general verdict, and for judgment in its favor on the special verdict; and, on the other hand, the plaintiff moves for judgment on the verdict of the jury. It is on these motions that the cause is before the court. The action was only for the value of the goods destroyed by the fire.

Phillips & Phillips, for plaintiff.

Gatch, Wright, & Runnels and Austin Adams, for the company.

DILLON, Circuit Judge. There are two questions here. One is whether the subsequent policy on the furniture in the Hawkeye company, supposing it to be a valid

and binding insurance, avoids the policy in suit as respects the stock of goods, which was separately valued, there having been no notice to the defendant of the Hawkeye policy.

The other is whether the subsequent policy in the Hawkeye company was such "other insurance" as contravenes the provision in the defendant's policy in that regard, the Hawkeye company having been informed by the plaintiff's application that there was no other insurance on the furniture, but after the loss, having compromised with the plaintiff in respect to its policy, not having had before the fire any knowledge of the policy issued by the defendant or ratifying its own policy with knowledge of the prior policy. The Hawkeye company insisted that its policy was not binding on it because of the misrepresentation as to prior insurance, but the policy covered other risks and the controversy was closed by the payment to the plaintiff of a sum less than the sum insured.

Under these circumstances it is clear that the second policy, as respects the furniture, at all events, could not have been enforced against the Hawkeye company, and, if not, can it be set up by the defendant as constituting other or additional insurance in violation of the condition in that respect, contained in the policy now in suit?

The general, but not uniform, opinion of the courts is, that to avoid the first policy the second policy must be valid, that it must constitute an effectual insurance; and we are inclined to so hold, if this can be done consistently with Carpenter v. Providence Wash. Ins. Co., 16 Pet. [41 U. S.] 495. The case last cited has been subjected to much criticism (see Clark v. New England, etc., Ins. Co., 6 Cush. 342, 350; Hubbard v. Hartford Fire Ins. Co., 33 Iowa, 325; May, Ins. § 365, and the authorities there collected;) and, it may be conceded that, though not unsupported, it does not, at least in its reasoning, accord with the prevailing view. But if the case at bar falls within its principle, it is our duty implicitly to apply that principle to it. That case holds that the company which issued the second policy (the Providence company) was entitled to notice of the prior insurance in the American company, though the policy in that company had been "procured by misrepresentation of material facts" —and the reason given (which has been criticised and its soundness denied) is, that such a policy is not "to be treated, in the sense of the law, as utterly void ab initio, but merely voidable, and as one that may be avoided by the underwriters upon the proof of the facts, but until so avoided, to be treated for all practical purposes as a subsisting policy."

The decision would make it the duty of the plaintiff to have disclosed the prior insurance in the defendant company to the Hawkeye company, and if he did not, but stated that there was no such prior insurance, the policy in the Hawkeye company, if not ratified, would be void. And it does not establish that the policy in the Hawkeye company is to be considered as in all respects a valid policy unless avoided by that company before the loss.

We are therefore of the opinion that the policy in the Hawkeye company, so far at all events, as respects the furniture, was invalid, that it did not in fact and in law constitute any insurance, and therefore the defence based upon the ground that other insurance was procured contrary to the provisions of the policy in suit, fails. This view is, in our opinion, consistent with the real point in judgment in the case of Carpenter, though it may not consist with all the reasoning of the learned justice who delivered the opinion of the court.

This makes it unnecessary to decide whether if the Hawkeye policy had been valid as respects the furniture, this would have avoided the defendant's policy as respects the stock of goods. On this point the cases cannot be reconciled. That it would not thus avoid the policy as to the goods, see Loehner v. Home Mut. Ins. Co., 17 Mo. 247, affirmed 19 Mo. 628; Phoenix Ins. Co. v. Lawrence, 4 Metc. (Ky.) 9; Clark v. New England.etc., Ins. Co., 6 Cush. 342, explained, May, Ins. § 278, note on page 303; Trench v. Chenango, etc., Ins. Co., 7 Hill, 123, (compare Wilson v. Herkimer Co. Mut. Ins. Co., 2 Seld. [6 N. Y.] 53;) Sloat v. Royal Ins. Co., 49 Pa. St. 14; Davis v. Boardman, 12 Mass. 79; Howard Ins. Co. v. Scribner, 5 Hill, 298.

But on the other hand, that it would avoid the policy entirely, see Smith v. Empire Ins. Co., 25 Barb. 497, 504; Kimball v. Howard, Ins. Co., 8 Gray, 33, 38, compare with Clark v. New England, etc., Ins. Co. supra; Associated Firemen's Ins. Co. v. Assum, 5 Md. 165; Barnes v. Union M. F. Ins. Co., 51 Me. 110. In this last case, where there was the usual provision against alienation, or material change of title, and an insurance was effected by the plaintiff on an undivided half of a dwelling house, and afterwards on the petition of his co-tenant, a partition was decreed, this was held to be equivalent to an alienation and purchase, and avoided the policy as to the building, and it was further held that the policy being void as to the building, the plaintiff could not recover for the loss of furniture therein insured in the same policy, and separately valued, the ground of decision being the supposed entirety of the contract, as that if it became void in part it was void in toto. I doubt the soundness of this decision, as to the furniture, but as it is not essential, the court gives no opinion as to the point whether a second valid insurance of furniture, there being no fraud, would avoid the first policy, as to the other and distinct property, separately valued.

Judgment for the plaintiff.