BEHRENS v. THE GERMANIA INSURANCE COMPANY.

1. **Insurance:** ADDITIONAL: PRIOR AND SUBSEQUENT. A policy of insurance, conditioned that if the insured had, or should thereafter make, any other insurance on the property, the policy should be void, unless the consent of the company was indorsed thereon, had the following indorsement: "Seven hundred dollars additional insurance permitted." The insured had $700 prior insurance, and obtained $500 insurance subsequently. *Held*, that the words "additional insurance," when used in a permit, indorsed upon a policy, mean prior as well as subsequent insurance; and that the subsequent insurance rendered the policy void.

2. ———: PROOF OF CRIME: CIVIL ACTION. In a civil action, where the defense rests upon an alledged crime, the plaintiff's guilt need not be established beyond a reasonable doubt.

*Appeal from Dubuque Circuit Court.*

WEDNESDAY, APRIL 5.

ACTION upon a policy of insurance. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*J. C. Longueville*, for appellant.

*Utt Brothers*, for appellee.

ADAMS, J.—I. The policy provides that if the insured shall have, or shall hereafter make, any other insurance on 1. INSURANCE: additional: prior and subsequent. the property insured, or any part thereof, without the consent of the company written upon the policy, in such case the policy should be void. There was, at the time of the issuance of the policy, insurance upon the property in the North German Insurance Company to the amount of $700. After the issuance of the policy, the plaintiff obtained insurance upon the property in the Northwestern National Insurance Company, to the amount of $500. The defendant's agent at the time of the issuance of the policy indorsed thereon these words: "Seven hundred dollars addi-

tional insurance permitted." No other consent to insurance was written upon the policy. At the time of the loss, the plaintiff had insurance upon the property to the amount of $1,200, in addition to the policy in suit. The defendant claims that the condition against other insurance was violated, when the plaintiff obtained insurance in the Northwestern National Insurance Company. The court gave an instruction in these words: "As to the defense based on the alleged additional insurance set out in the fourth division of these instructions, you are instructed that said defense is unsupported by the evidence." It appears from the evidence that the agent, who issued the policy in suit, and indorsed the permission already quoted, was the agent also of the North German Insurance Company, in which company the plaintiff had obtained the prior insurance of $700, and was the agent who issued to the plaintiff the policy therefor. He had knowledge of the insurance in that company when, as agent of the defendant company, he issued the policy in suit.

The plaintiff's theory is, that under the permission given him to have $700 additional insurance, it was his right to have $700 *subsequent* insurance, and as he had only $500 such insurance, the policy in suit had not been violated. Such, also, appears to have been the theory of the court in giving the instruction quoted. The question presented then is, whether the words "additional insurance," as used in the permit indorsed upon the policy, should be held to mean other insurance, whether prior or subsequent, or only subsequent insurance.

The words "additional insurance," construed irrespective of the provisions of the policy, and the nature of the case, might be taken in the restricted sense in which they appear to have been understood by the court. Perhaps, indeed, that would be the easier and more natural sense. On the other hand, it cannot be denied that the words can be understood as equivalent to the words *other insurance;* and it has been held repeatedly that the words *other insurance*, when used in a

permit, indorsed upon a policy, mean prior as well as subsequent insurance. *Kimball v. Howard Insurance Company,* 8 Gray, 33; *Blake v. Exchange Insurance Company,* 12 Gray, 265; *Benedict v. Ocean Insurance Company,* 31 N. Y., 389.

In the nature of the case what is to be provided against is other insurance, in the sense of both prior and subsequent insurance. The one is as objectionable as the other; and there is no reason for making any distinction. All this must be obvious upon a moment's reflection to any one contracting for insurance.

But the consideration which we deem of controlling importance is, that the policy expressly provides that it shall be void, if there is prior insurance not consented to by written permission indorsed upon the policy. The words in question should be construed with reference to this provision. If we should hold that they do not mean prior insurance, then no consent in writing was given to prior insurance. We are aware that where notice is given by the insured of obtaining other insurance, and the consent of the company's agent, authorized to give consent, is given verbally, and might, and would, have been indorsed upon the policy but for the fault of the agent, it has been held that the company cannot afterward be allowed to set up a forfeiture. The plaintiff contends that he had the verbal consent of the company's agent to the prior insurance, and did not, in order to avoid a forfeiture, need the written consent. But it must be conceded that it was, without question, the duty of the agent, if he consented to the prior insurance, to indorse his consent upon the policy. As the indorsement made is easily susceptible of the construction contended for by the defendant, it becomes abundantly evident that the agent considered that he was making it in the discharge of his duty, as expressing his consent to the prior insurance. We do not feel equally certain that the plaintiff so understood it, because we do not feel certain that he informed himself of the terms of the policy. But we can-

not allow this consideration to influence us in construing the indorsement. We must construe it as a person might naturally be expected to understand it, who should read it intelligently in connection with the policy. Taking this view of it, it appears to us that the instruction cannot be sustained. As tending to support the construction which we put upon the words "additional insurance," see *Hygum v. Ætna Insurance Company*, 11 Iowa, 21; *Simpson v. Pennsylvania Fire Insurance Company*, 38 Penn. St., 250; May on Insurance, Sec. 365.

II. The court gave an instruction in these words: "The final defense is to the effect that the plaintiff himself caused the fire in order to get the insurance. As this defense rests upon the alleged crime of arson, the rule of evidence is that you can only find it sustained, provided the testimony satisfies you beyond a reasonable doubt of the plaintiff's guilt."

2.——: proof of crime: civil action.

In giving this instruction, the court followed, we presume, *Barton v. Thompson*, 46 Iowa, 30. But that case has been overruled by the recent case of *Welch v. Jugenheimer*, 56 Iowa, 11.

REVERSED.