[No. 9314.   Department One. — December 23, 1885.]

CHARLES B. YOUNGER, Appellant, v. BOARD OF SUPERVISORS OF SANTA CRUZ COUNTY, Respondent.

Taxes — Voluntary Payment — Action to Recover. — An action cannot be maintained to recover back money voluntarily paid in satisfaction of an illegal tax.

Id. — Board of Supervisors — Power to Refund Illegal Tax — Mandamus. — The power to refund taxes erroneously or illegally collected, conferred upon the board of supervisors of a county by section 3804 of the Political Code, is judicial in its nature, and not ministerial; and a writ of mandate will not lie against the board to compel them to exercise such power in a particular way.

Appeal from a judgment of the Superior Court of Santa Cruz County.

Application for a writ of mandate to compel the defendant to refund to the plaintiff certain money paid by him in satisfaction of an illegal tax.  The further facts are stated in the opinion of the court.

*Charles B. Younger*, for Appellant.

It was the duty of the respondent to order the tax refunded.  (Pol. Code, sec. 3804; *People* v. *Supervisors*, 51 N. Y. 401; *People* v. *Supervisors*, 53 Barb. 564; *Robinson* v. *Burlington*, 50 Iowa, 740.)   A writ of mandate is the appropriate remedy.   (*People* v. *Supervisors*, 28 Cal. 429.)

*William T. Jeter*, and *Lesser & Hall*, for Respondent.

In exercising the power conferred by section 3804 of the Political Code, the board of supervisors acts judicially, and its action cannot be controlled by *mandamus*. (*People* v. *Goldtree*, 44 Cal. 325; *Guy* v. *Washburn*, 23 Cal. 111.)

McKee, J.—Application for a writ of mandate.

The petitioner shows that, on the 9th of January, 1883, he applied to the board of supervisors of Santa

Cruz County, on a verified petition, for an order upon the county treasurer of the county, for payment of the sum of $265, claimed to have been illegally collected from the petitioner by the tax collector of said county; "that the petition came on regularly for hearing before and was heard by said board of supervisors," and that said board, after hearing the petition and the proofs given in support of the facts stated therein, denied the same.

The moneys which the petitioner claims to have been illegally collected from him were collected by the tax collector for taxes levied for the state, county, and school purposes on an assessment to the petitioner, upon the assessment roll of Santa Cruz County for the year 1880, of the sum of $12,481, money belonging to him on general deposit in the Santa Cruz Bank of Savings and Loan. Being assessed for that sum of money in connection with other property, the petitioner claimed the assessment of the money to him was illegal, because the same money was assessed on the same assessment roll to the bank, for the same taxable purposes, for the same year, and he applied to the county board of equalization to equalize his assessment by deducting from it the money on deposit in the bank; but it refused his application, "and on the last day for the payment of the taxes before delinquency, he had to pay and did pay to the tax collector the taxes on said money, in order to prevent his property from being returned delinquent."

This payment was voluntarily made in the year 1880. Being voluntarily paid, the money was not recoverable back by action; and the petitioner had no claim for it which he could enforce against the county.

But it is said to be immaterial whether the payment was voluntary or compulsory, because section 3804 of the Political Code makes it the duty of the board of supervisors to order refunded taxes erroneously or illegally collected. The section reads: "Any taxes, per

centum, and costs erroneously or illegally collected, may, by order of the board of supervisors, be refunded by the county treasurer."

The power thus granted to boards of supervisors is judicial, not ministerial; and when a board is called upon in an application before it under that section of the code, it may, in the exercise of its powers, make a refunding order only for such taxes, etc., as may have been illegally or erroneously collected. For that purpose it has the right to hear and determine the application. Such a proceeding is in the nature of an action for relief (*Dickey* v. *Polk County*, 58 Iowa, 28), and after the board in which the proceeding is pending has heard and determined, it cannot be *mandamused;* for a tribunal exercising judicial powers cannot be compelled how to act.

Judgment affirmed.

Ross, J., and McKinstry, J., concurred.