# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1887, IN THE SEVENTY-SECOND YEAR OF THE STATE.

---

No. 13,117.

AMERICAN INSURANCE COMPANY ET AL. *v.* REPLOGLE.

INSURANCE.—*Other Insurance.*—*Stipulation Against.*—*What is not Other Insurance.*—If a second policy of insurance is void on its face, or if there arises from the whole instrument a presumption of invalidity for want of power to issue the policy in the first instance, it will not constitute other insurance within the meaning of a stipulation against such insurance.

SAME.—*What is Other Insurance.*—Where, however, a policy valid on its face has been issued, presumably within the power of the insurer, to avoid which proof of extrinsic facts is necessary, and such policy has been accepted by the assured for the purpose of obtaining additional insurance, and is held by him as a subsisting policy at the time of loss, it constitutes other insurance within the meaning of the contract.

SAME.—*Pleading.*—To an answer setting up a violation of the stipulation against other insurance, it was replied that there was also a condition against other insurance in the policy subsequently obtained, and that such policy had been obtained without disclosing the existence of the one issued by the defendant, wherefore it was void. *Held,* that the reply is bad.

PLEADING.—*Sufficiency of.*—*How Determined.*—The sufficiency of a paragraph of answer, when demurred to, must be determined upon the facts stated therein, and not upon matters elsewhere appearing in the record.

From the Wayne Circuit Court.

American Insurance Company *et al. v.* Replogle.

*B. Harrison, W. H. H. Miller, J. B. Elam* and *H. C. Fox,* for appellants.

*F. M. Finch, J. A. Finch* and *T. J. Study,* for appellee.

MITCHELL, C. J.—This was an action by Replogle against the American Insurance Company and the Home Insurance Company of New York, to recover on a policy of fire insurance issued by the first named company, the company last named having assumed the liability of the former by reinsuring its risks.

The policy sued on contained a stipulation to the effect that if the assured should thereafter obtain any other insurance on any part of the property thereby insured, without the consent of the secretary of the company thereon endorsed, then, and in every such case, the policy was to be void, and the assured was to have no right of recovery thereon.

To the plaintiff's complaint, the sufficiency of which is not questioned, the defendants answered specially, that the assured had obtained other insurance without the knowledge or consent of the insurance companies, in violation of the stipulation above referred to contained in the policy, which other insurance, it is averred, was in force at the date when the loss occurred.

The plaintiff replied specially, to the effect that, after the issuance of the policy sued on, he sought and obtained a policy of insurance of the Ohio Farmers Insurance Company, being the same policy mentioned in the answer, and upon the same property covered by the policy in suit, but that the second policy contained a stipulation therein written, by which the parties thereto agreed that in case the assured had, or should thereafter obtain, any other insurance upon the property insured, without the written consent of the company, then, and in every such case, the policy was to be void. The plaintiff avers that he procured the Ohio Farmers Company to issue its policy to him without in any manner notifying it of the policy previously issued by the American

Insurance Company, which he alleges was in force at the time of the issuance of the second policy. For this reason, the pleader asserts, by way of conclusion, that the policy last issued never attached nor became a valid contract of insurance.

The court held the above a sufficient reply. The question as to what constitutes other insurance, within the meaning of stipulations in policies of insurance such as those above summarized, is thus presented. Among the many questions connected with the subject of insurance, there is none upon which the courts have differed more widely. As has been well said, the question "has been before the courts in a great number of cases, and appears to be as unsettled a question now, as when it was raised for the first time." *Turner* v. *Meridian Fire Ins. Co.,* 16 Fed. Rep. 454, note.

The effect of the holdings on the one hand is, that if the second or subsequent policy has been obtained in violation of a stipulation therein which prohibits other insurance without notice, or under such circumstances as would enable the company issuing the subsequent policy to avoid its contract, the fact that the subsequent insurance was so obtained affords a valid excuse for the alleged violation of the condition against other insurance contained in the first policy. In other words, the misconduct or concealment which would enable the second insurer to defeat its policy will enable the assured to avoid the defence of other insurance, when such defence is made by the first insurer. Thus, in the present case, the logical result arrived at by the pleadings is as follows: The insurance company answers the condition or stipulation in its policy against other insurance, and that the insured, without its knowledge or consent, and in violation of the condition, obtained other insurance on the same property. Confessing the facts pleaded, the insured replies in avoidance that there was a like condition against other insurance in the policy subsequently obtained, and that he procured the subsequent policy without disclosing the ex-

istence of the one issued by the defendant.   The conclusion is said to follow, that the company whose policy was obtained last may, at its election, avoid its contract and refuse to pay, and that the defendant in the present case should, therefore, be compelled to pay, without regard to the motive the assured may have had in obtaining the second policy, or whether or not the company issuing it has paid, or may hereafter pay, the amount therein stipulated.   In support of the ruling below, the following, among other decided cases, are relied on: *Gee* v. *Cheshire, etc., Ins. Co.*, 55 N. H. 65 (20 Am. R. 171); *Allison* v. *Phœnix Ins. Co.*, 3 Dill. 480; *Sutherland* v. *Old Dominion Ins. Co.*, 31 Gratt. 176; *Knight* v. *Eureka Fire, etc., Ins. Co.*, 26 Ohio St. 664; *Fireman's Ins. Co.* v. *Holt*, 35 Ohio St. 189 (35 Am. R. 601); *Jackson* v. *Massachusetts Mut. F. Ins. Co.*, 23 Pick. 418; *Thomas* v. *Builders' Mut. F. Ins. Co.*, 119 Mass. 121.

These cases proceed upon the assumption, that the sole purpose of introducing stipulations such as those in question into policies of insurance is to prevent the assured from obtaining additional actual indemnity against loss without notice.   Hence, because a second policy may have been obtained by fraud or concealment, although it constitutes upon its face a valid contract of insurance, the assured may nevertheless avail himself of his own misconduct and treat the policy as void, and, therefore, as furnishing no other insurance or additional indemnity, even though the company which issued the second policy may have recognized the validity of its contract.   We are not prepared to adopt this view.   The primary purpose of inserting conditions against other insurance is to protect the company from the hazard of over-insurance.   The condition implies that the insurance company will decline the obligation of insurer whenever the relations of the owner to the property are such that he would be benefited by, and might, therefore, have a motive for, its destruction.   Consequently, it aims to secure the continued vigilance and co-operation of the owner in preserving

the property, and to compel him to maintain such an interest in, and relation to, the property as to have no motive for the relaxation of his care over it. The public, as well as the insurance company, have an interest in securing this end. Whenever, therefore, the property-owner, in violation of a condition such as that in question, applies for and obtains a second policy, valid upon its face, with the intent and purpose to carry the second policy as valid insurance, without giving notice thereof, he has thereby defeated the whole policy and purpose of the condition, and has done that which constitutes a complete defence to an action on the first policy. As was in effect said in *Lackey* v. *Georgia Home Ins. Co.,* 42 Ga. 456 : If the property-owner *thinks* the second policy is good, and intends it to be good, the danger of burning is the same as if it really were good.

Purposely entering into a second contract of insurance was a violation of the condition in the first policy, and whether the second contract may or may not be avoided for extrinsic matter, can not be considered in determining the validity of the policy first issued. Besides, to admit that the assured may maintain the validity of the first policy by setting up extrinsic facts tending to show that the second might be avoided, is practically to shift the real controversy and compel the first insurer to go outside and maintain the validity of the second policy, although the validity of that policy may never be questioned by the company which issued it. The stipulation against other insurance may have been waived by the company issuing the second policy. *Havens* v. *Home Ins. Co.,* 111 Ind. 90.

We have not been able to discover any satisfactory reason for the support of a proceeding so anomalous as that proposed. Moreover, the same reasoning which would uphold the right of the assured to avoid the defence in the present case, would enable him to avoid a like defence to the second policy and thus establish his right to recover on both.

As applicable to the present case, we adhere confidently to

the general conclusion stated in *Phenix Ins. Co.* v. *Lamar,* 106 Ind. 513 : " If the prohibited policy, held or received by the insured, is in and of itself invalid and void, so that it in fact constitutes no contract of insurance, it will not affect the validity of that under which the claim for indemnity is made. But if to avoid it, requires the production of facts extraneous to the policy, it will be within the condition against further insurance, and unless consented to will render the other voidable."

This conclusion is supported and elaborated in the following, among other, cases : *Turner* v. *Meridian Fire Ins. Co., supra ; Funke* v. *Minnesota, etc., Ins. Ass'n,* 29 Minn. 347 (43 Am. R. 216); *Baer* v. *Phœnix Ins. Co.,* 4 Bush, 242 ; *Carpenter* v. *Providence, etc., Ins. Co.,* 16 Peters, 495 ; *Landers* v. *Watertown Fire Ins. Co.,* 86 N. Y. 414 (40 Am. R. 554); *Allen* v. *Merchants' Mut. Ins. Co.,* 30 La. Ann. .1386 ; *Behrens* v. *Germania Ins. Co.,* 58 Iowa, 26 ; *Lackey* v. *Georgia Home Ins. Co., supra ; Royal Ins. Co.* v. *McCrea,* 8 Lea, 531 ; *Equitable Ins. Co.* v. *McCrea,* 8 Lea, 541 ; *Suggs* v. *Liverpool, etc., Ins. Co.,* 9 Ins. L. J. 657 ; *New York Central Ins. Co.* v. *Watson,* 23 Mich. 486 ; *Mitchell* v. *Lycoming Mut. Ins. Co.,* 51 Pa. St. 402.

Upon the theory on which *Rising Sun Ins. Co.* v. *Slaughter,* 20 Ind. 520, was decided, the decision is in harmony with the conclusions above stated. That case asserts the doctrine, that if the second insurance is totally invalid it constitutes no subsequent insurance within the meaning of a stipulation such as is here in question ; but it proceeds upon what has since been held to be an erroneous assumption, that because the agent of a foreign corporation neglected to comply with the statute concerning foreign insurance companies the second policy was absolutely void. We need not refer to the cases which hold that a policy so issued is not void, and that the company can not avail itself of its own default to defeat the policy. Upon analogous principles the assured should not be heard to set up his own concealment or fraud in ob-

taining the second policy so as to enable him to enforce the first.

If the policy is invalid upon its face, or if, taking it all together, there arises from the whole instrument a presumption of invalidity, for want of power to issue the policy in the first instance, the second policy will not constitute other insurance within the meaning of a stipulation against other insurance, and the case will not fall within the rule. Where, however, a policy of insurance, valid on its face, has been issued, presumably within the power of the company, and to avoid which proof of extrinsic facts is necessary, such a policy, accepted by the assured for the purpose of obtaining other or additional insurance, constitutes other insurance, within the meaning of the contract, provided the policy remained outstanding, uncancelled, and was held as a subsisting policy of insurance at the time of the loss.   Such a policy is "a prior policy, and has a legal existence until avoided." *Carpenter* v. *Providence, etc., Ins. Co., supra ; Mitchell* v. *Lycoming Mut. Ins. Co., supra ; Turner* v. *Meridian Fire Ins. Co., supra; Funke* v. *Minnesota, etc., Ins. Ass'n, supra.*

This rule has for its foundation the principles of good faith and common honesty, and it can work no injury to persons who observe their contracts in good faith, according to their spirit and purpose.

It follows that the facts set up in the reply were not sufficient to avoid the answers.

The suggestion that a right result was reached upon the facts specially found, and that the ruling on the reply, even if erroneous, was therefore harmless, is without force.   The special findings can not be looked to in order to determine the propriety of a ruling on the pleadings, unless the findings show that they rest upon other pleadings than the one ruled upon.   "The sufficiency of a paragraph of answer, when demurred to, must be determined upon the facts stated therein, and not upon matters elsewhere appearing in the record."

*McComas* v. *Haas,* 93 Ind. 276; *Fleetwood* v. *Brown,* 109 Ind. 567, and cases cited.

Moreover, within the rules stated above, we are not prepared to say, from all that appears upon the record, that a right result was reached. It is enough to say the judgment must be reversed for the error in overruling the demurrer to the reply.

Judgment reversed, with costs.

Filed March 8, 1888.