[S. F. No. 15732.   In Bank.—July 26, 1937.]

ANSEL M. EASTON, Appellant, v. COUNTY OF ALA-
MEDA et al., Respondents; EASTON BUILDING
COMPANY (a Corporation), Intervener and Appellant.

Bacigalupi, Elkus & Sallinger, Bianchi & Hyman, A. B.
Bianchi and Augustin Donovan for Appellants.

F. Bert Fernhoff, City Attorney, John W. Collier, Assistant
City Attorney, J. Kerwin Rooney, Deputy City Attorney,
Earl Warren, District Attorney, Ralph E. Hoyt, Chief As-
sistant District Attorney, and James H. Oakley, Deputy
District Attorney, for Respondents.

EDMONDS, J.—This is an action for the recovery of taxes.
The complaint alleges that the city of Oakland and the

county of Alameda erroneously and illegally collected certain amounts which were paid by the appellant Easton involuntarily and to avoid the penalties imposed by the law for delinquency. Appellant Easton Building Company filed a complaint in intervention. The trial court granted a motion for a nonsuit and thereafter gave judgment for the respondents.

The appellant Easton is the owner of an office building leased by him to Easton Building Company for a term of 30 years commencing in 1923. This lease required the lessee to "pay all national, state and municipal taxes and charges and taxes and charges of every kind, which are now or shall become chargeable or a lien upon said premises, excluding income, profit, increment, inheritance taxes, street assessments, and taxes upon personal property of the lessor which may at any time be assessed against said premises".

The taxes in controversy were paid by the lessee pursuant to this provision. Thereafter claims for refund in the name of the appellant Easton, and verified by one Irving H. Kahn as his attorney-in-fact were filed with the board of supervisors of Alameda County. Concededly these claims were in the form required and they were filed within the time fixed by section 3804 of the Political Code with the exception that the respondents insist the verification may only be made by the claimant himself. The motion for a nonsuit was made and granted upon the grounds that the appellant did not bring himself within the terms of the statute in that the claims were not verified by the person who paid the taxes and that he is not the person who paid them.

It is not disputed that the appellant Easton was the owner in fee of the property at the time the taxes in question were assessed and paid. On the tax bills, which were receipted upon payment, under the legend "taxpayer's name and description" appears his name and a description of the property assessed. These facts, he contends show that he is the taxpayer entitled to any allowable refund although the taxes were not paid by him.

Section 3804 of the Political Code provides as follows: "Any taxes . . . erroneously or illegally collected, . . . may, by order of the board of supervisors, be refunded by the county treasurer . . . No order for the refund of the taxes,

. . . under this section shall be made except upon verified claim therefor verified by the person who has paid said tax, . . . In no case shall any judgment be rendered in favor of plaintiff in any action brought for the enforcement or allowance of any rights or claims under this section . . . if the said action be brought by an assignee of the person paying said tax, or by any person other than the person who has paid said tax, . . . '' The appellant contends that he is, in law, the person who paid the taxes in controversy within the meaning of this section because primarily the duty of paying them rested upon him. (*Estate of Backesto,* 63 Cal. App. 265, 269 [218 Pac. 597].) But while the appellant could not shift the burden of the taxation of his property to the lessee and bind the respondents by the agreement of the lessee to pay them (*Savings & Loan Soc.* v. *Austin,* 46 Cal. 415, 485), it does not follow that upon payment of the taxes by the lessee in accordance with the requirement of the lease, the appellant became the person who paid them within the meaning of the statute. Its explicit language plainly indicates the contrary.

As originally enacted in 1872, the section provided that, ''Any taxes, per centum, and costs erroneously or illegally collected, may by order of the board of supervisors, be refunded by the county treasurer.'' In 1889, the section was amended to allow a refund ''to the person entitled to the same''. In 1901, the requirement of a verified claim was added. In 1913, the refund was restricted ''to the person paying the same or his guardian, or in case of his death, to his executor or administrator''. At that time also the present provision which allows no judgment in an action brought by an assignee or any person other than the person who paid the tax, or his representative, was added. The last change was in 1919 when the section was amended to require a verified claim ''by the person who has paid said tax''.

These changes show a legislative intention to allow tax refunds only to those persons who pay the taxes claimed to have been erroneously assessed. The statute operates to benefit ''all persons who pay taxes they are not legally bound to pay'' (*Stewart etc. Co.* v. *County of Alameda,* 142 Cal. 660, 663 [76 Pac. 481, 483]) but does not allow a recovery by a property owner whose taxes have been paid by someone else under a contract to do so. In that case the property owner

has parted with nothing and he has no valid claim for a refund.

The judgment is affirmed.

Shenk, J., Curtis, J., Langdon, J., and Seawell, J., concurred.

Rehearing denied.