Filed 11/6/19; Certified for Publication 12/2/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

<table>
<tr><td>MENDOCINO REDWOOD COMPANY, LLC,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>COUNTY OF MENDOCINO,<br><br>     Defendant;<br><br>ALBION-LITTLE RIVER FIRE PROTECTION DISTRICT,<br><br>     Intervener and Appellant.</td><td>A155737<br><br>(Mendocino County Super. Ct. No. SCUK CVG 16-67455)</td></tr>
</table>

Albion Little River Fire Protection District (District) appeals from the trial court's judgment in favor of Mendocino Redwood Company, LLC (MRC), following a court trial. The court found that MRC's commercial timberland parcels are not part of the District and that MRC was therefore entitled to a refund of tax payments it made to the County of Mendocino (County)[1] pursuant to an ordinance (Measure M), which imposed a special tax on parcel owners within the District for fire protection. On appeal, the District contends MRC's refund claims were barred because they challenged the validity of Measure M, which was validated and immune from review by the time MRC filed its complaint. We shall affirm the judgment.

_____

[1] The County, a defendant in the trial court, is not a party to this appeal.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The District is a public volunteer fire district organized under Health and Safety Code sections 13800 et seq.[2] The entire District lies within a state responsibility area. MRC is a commercial timberland operator qualified to do business in the County. MRC owns 63 parcels totaling 8,269.54 acres of commercial timberland within the geographical boundaries of the District.[3]

On June 11, 2014, the District adopted an ordinance that levied a special parcel tax, at the rate of $75 per unit, for fire protection, suppression, prevention, and other related services within the District. On July 9, the District approved a resolution adopting the ordinance and, in a special election held on November 4, 82 percent of District voters approved Measure M.[4]

Beginning in July 2015, the County assessed, levied, and collected the special tax on the MRC parcels on behalf of the District. MRC's first tax payment pursuant to Measure M was due on December 15, 2015, in the amount of $9,834.18. Since then, MRC has paid all Measure M taxes owed, under protest. MRC filed timely claims with the Mendocino County Board of Supervisors seeking refunds of its tax payments for the first two installments, paid in December 2015 and March 2016. The Board denied both claims.

On May 9, 2016, MRC filed a complaint for property tax refund against the County, followed by a first amended complaint on June 16. The court permitted the District to file a complaint in intervention, which it did on November 22. Subsequently, the County, the District, and MRC entered into a stipulation providing that, until the

---

[2] All further statutory references are to the Health and Safety Code unless otherwise indicated.

[3] Based on the calculations of District Board member Steven Acker, 23,790.32 acres of land are within the geographical boundaries of the District, including 14,207 acres of timber producing land.

[4] The parties submitted a joint statement of stipulated facts for trial, in which they set forth many of these pertinent undisputed facts.

matter was resolved, MRC did not need to file additional claims for refunds when future installments were paid and that all such payments would be deemed made under protest.

On February 16, 2017, MRC filed a second amended complaint for property tax refund against the County and the District, pursuant to Revenue and Taxation Code sections 5096 and 5097, in which it alleged that the MRC parcels "were not included in the District because they were commercial forest lands and timbered lands declared to be in a state responsibility area within the meaning of [section] 13811. [¶] The County of Mendocino unlawfully assessed, levied and collected the Albion Parcel Tax on the MRC Parcels . . . ." MRC requested declaratory relief and a refund of all Measure M taxes paid to the County.

On June 2, 2017, the court overruled the District's demurrer to the second amended complaint, and on April 5, 2018, the court denied the District's motion for summary judgment.

On September 12, 2018, following a court trial, the court issued a statement of decision in which it concluded that MRC's parcels were not part of the District, that the County had "erroneously and illegally assessed and charged" MRC for the Measure M special taxes, and that MRC was entitled to a refund of all such taxes it had paid, in the amount of $60,870.08, with interest. Also on September 12, the court entered its judgment after court trial.

On October 26, 2018, the District filed a notice of appeal.

## DISCUSSION

Measure M provides in relevant part: "Whereas, A proposed tax for all units, of the special tax per year shall be assessed on all real property . . . within the boundaries of [the] District. . . . [¶] . . . [¶] Now Therefore Be it Resolved, that the foregoing uniform schedules and rates . . . shall be applied to the parcels within the District . . . ."

The District contends the judgment should be reversed because MRC's refund claims belatedly challenged the validity of Measure M long after it was validated and immune from review. (See Code Civ. Proc., §§ 860, 863.) MRC counters that its action did not challenge the validity of Measure M and hence, the 60-day statute of limitations

3

contained in the validation statutes is inapplicable.  Instead, according to MRC, its claim for a refund is subject to the four-year statute of limitations found in Revenue and Taxation Code section 5097, subdivision (a)(2).

Because resolution of this issue involves interpretation of several statutes, and the parties have stipulated to the relevant facts, the issue presents a question of law subject to de novo review.  (*Ailanto Properties, Inc. v. City of Half Moon Bay* (2006) 142 Cal.App.4th 572, 582.)

The statutory provisions in question include the validation statutes, Code of Civil Procedure section 860, et seq., which " 'provide an expedited process by which certain public agency actions may be determined valid and not subject to attack.'  [Citations.]" (*Golden Gate Hill Development Co., Inc. v. County of Alameda* (2015) 242 Cal.App.4th 760, 765 (*Golden Gate*), citing *Kaatz v. City of Seaside* (2006) 143 Cal.App.4th 13, 29–31 & *Ontario v. Superior Court* (1970) 2 Cal.3d 335, 340–342.)  Code of Civil Procedure section 860, which authorizes a public agency to bring a validation action, provides:  "A public agency may upon the existence of any matter which under any other law is authorized to be determined pursuant to this chapter, and for 60 days thereafter, bring an action in the superior court of the county in which the principal office of the public agency is located to determine the validity of such matter. The action shall be in the nature of a proceeding in rem."

Under Code of Civil Procedure section 863, if the relevant public agency does not initiate validation proceedings, "any interested person may bring an action within the time and in the court specified in Section 860 to determine the validity of such matter. . . ."  (Code Civ. Proc., § 863.)  An action brought pursuant to Code of Civil Procedure section 863 is known as a "reverse validation" action.  (See *Golden Gate, supra,* 242 Cal.App.4th at p. 764, fn. 3.)  "If no action is brought within the 60-day time frame, the public is 'forever barred from contesting the validity of the agency's action in a court of law.'  [Citations.]"  (*Id.* at p. 766.)  Government Code section 50077.5 provides that the validation statutes "appl[y] to any judicial action or proceeding to validate,

4

attack, review, set aside, void, or annul an ordinance or resolution approved by the voters . . . that levies a special tax." (Gov. Code, § 50077.5, subd. (a).)

The District argues that because MRC's action challenged the validity of Measure M, it was required to bring a validation action within 60 days of the measure's passage and, because it did not do so, it is now barred from bringing this tardy refund action. (See Code Civ. Proc., §§ 860, 863; Gov. Code, § 50077.5, subd. (a).)

The trial court, however, found that a different statute governs this case, section 13811, which provides in relevant part: "Territory which has been classified as a state responsibility area may be included in a district, except for commercial forest lands which are timbered lands declared to be in a state responsibility area. . . . Upon inclusion of a state responsibility area in a district, whether by formation or annexation, the state shall retain its responsibility for fire suppression and prevention on timbered, brush, and grass-covered lands. The district shall be responsible for fire suppression and prevention for structures in the area and may provide the same services in the state responsibility area as it provides in other areas of the district."

In its statement of decision, the court explained that the facts of this case, including those set forth in the joint statement of stipulated facts, "show conclusively that the subject parcels owned by MRC fall squarely within the language of [section] 13811. Even though MRC's parcels in question are within the geographical boundaries of the District, they are otherwise excluded from the District by virtue of the quoted language from [section] 13811. Although evidence shows that Cal Fire (the California Department of Forestry & Fire Protection) has a similar interpretation of the meaning of that code section, which interpretation is entitled to substantial deference, such deference is not needed given that the meaning of the statute is so clear and plain.[5]

_____

[5] Helge Eng, the deputy director of resource management for Cal Fire, who testified at trial as an expert on Cal Fire rules and regulations, had testified that both in his professional opinion and in the view of Cal Fire, commercial timberland within a state responsibility area is not part of a local fire district. This opinion was based primarily on section 13811, which excludes commercial forest lands from local fire districts. Because Cal Fire considered MRC's parcels to be timbered lands located within a state

5

"The court's ruling in this case does not require the court invalidate any portion of the District's Ordinance. The District's Ordinance reads in relevant part as follows: 'the foregoing uniform schedules and rates . . . shall be applied to the parcels within the District.' MRC's parcels are by statute not within the District and, therefore, the Ordinance does not apply to the parcels in question. The court finds that this is a matter of applicability, not validity." The court further found that whether the District or voters may have believed that the Ordinance would encompass MRC's parcels was irrelevant, given the plain language of Measure M.[6] The court therefore "expressly determine[d] that this case is not a reverse validation case." (See Code Civ. Proc., § 863.) Finally, the court concluded that MRC's parcels "are not part of the District, that the County erroneously and illegally assessed and charged MRC said taxes, that MRC paid said taxes and perfected their legal challenge to the payment of said taxes, and that MRC is now entitled to a refund of said taxes paid in the amount of $60,870.08," with interest accrued until entry of judgment.

In its September 12, 2018 judgment after court trial, the court "declare[d] that the taxes assessed by the County pursuant to Measure M were erroneously and unlawfully assessed and levied against MRC's parcels because such parcels are not part of the District pursuant to section 13811, and the District consequently lacks the authority to tax the parcels," and ordered the County to refund MRC the full amount of taxes paid.

We agree with the trial court that MRC's action did not challenge the validity of Measure M. Rather, MRC claimed it was entitled to a refund of all special taxes it paid under Measure M because those taxes were "[e]rroneously or illegally collected" and "[i]llegally assessed or levied" by the County. (Rev. & Tax. Code, § 5096, subds. (b),

responsibility area, Cal Fire did not consider those parcels to actually be part of the District.

[6] The court further noted that evidence regarding how the District responded to calls or whether it was reimbursed by Cal Fire was not relevant to the issue before it, stating: "On its face, this would appear to cause some unfairness to the District, but the District may have other recourse for that apparent unfairness, or this may yet require a legislative resolution."

6

(c);[7] see *Sierra Investment Corp. v. County of Sacramento* (1967) 252 Cal.App.2d 339, 345 [describing *Stewart Law & Collection Co. v. County of Alameda* (1904) 142 Cal. 660 as indicating "that taxes paid as the result of an erroneous assessment are erroneously collected"].)  As the court observed—and as the parties jointly stipulated—the entire District lies within a state responsibility area and MRC owns 63 parcels of commercial timberland within the geographical boundaries of the District.  Under the plain language of section 13811, territory "classified as a state responsibility area may be included in a district, *except for commercial forest lands which are timbered lands declared to be in a state responsibility area*," for which "the state shall retain its responsibility for fire suppression and prevention," while "[t]he district shall be responsible for fire suppression and prevention for structures in the area . . . ."  (§ 13811, italics added.)

Because, pursuant to section 13811, MRC's commercial timberland parcels are not included in the District, Measure M is simply inapplicable to those parcels and the four-year statute of limitations found in subdivision (a)(2) of Revenue and Taxation Code section 5097 applies to MRC's action.  MRC's action was therefore timely, and it was entitled to a refund of the Measure M taxes that the County "[e]rroneously or illegally collected" and "[i]llegally assessed or levied."  (Rev. & Tax. Code, § 5096, subds. (b), (c).)

This case is distinguishable from *Golden Gate*, which both the District and MRC discuss.  In that case, the plaintiff had filed an action seeking a refund of taxes paid under two measures that taxed real property owners within a school district, on the ground that the tax rates in the measures improperly imposed different rates on residential and nonresidential properties and properties of different sizes.  (*Golden Gate*, *supra*, 242 Cal.App.4th at p. 763.)  The trial court sustained the defendant's demurrer without leave to amend, and Division Five of this District affirmed, finding that the plaintiff "has not

_____

[7] Revenue and Taxation Code section 5096 provides in relevant part:  "Any taxes paid before or after delinquency shall be refunded if they were:  [¶] . . . (b) Erroneously or illegally collected.  [¶] (c) Illegally assessed or levied."

7

shown there is a basis for its refund claim independent of the alleged invalidity of the Measures." (*Id.* at p. 764.) Indeed, the plaintiff had "admit[ted] that it could have challenged the validity of the Measures through a validation action and that the Measures were long ago deemed valid by operation of the validation statutes." (*Id.* at p. 768.)

The *Golden Gate* court further explained: "In the language of Revenue and Taxation Code section 5096, subdivisions (b) and (c), the taxes for which [the plaintiff] seeks a refund, were not '[e]rroneously or illegally collected' or '[i]llegally assessed or levied,' because the Measures had been deemed valid. On the other hand, taxpayers like [the plaintiff] remain free to present claims for refunds not based on the validity of the Measures themselves, such as claims based on errors in implementation of the Measures or based on other matters specified in Revenue and Taxation Code section 5096. [Citation.]" (*Golden Gate*, *supra*, 242 Cal.App.4th at p. 771; cf. *Embarcadero Municipal Improvement District v. County of Santa Barbara* (2001) 88 Cal.App.4th 781, 792 ["Those cases where courts have permitted lawsuits brought beyond the 60-day [validation] period alleged illegal implementation of a validated action"].) Here, MRC challenged Measure M's implementation, i.e., its applicability to MRC's commercial timberland parcels, not the validity of the measure itself when properly applied to parcels actually within the District.[8]

For the reasons stated, we conclude the trial court properly entered judgment in favor of MRC in its action for a refund of the Measure M tax payments made to the County under protest.

---

[8] We also find unpersuasive the District's argument that the court's judgment "defeats a key objective of the validation statutes: to limit the extent to which delay due to litigation threatens a public entity's ability to operate financially." Again, because MRC's commercial timberland, under the relevant statutes and undisputed facts, is plainly not a part of the District, MRC's action did not challenge the validity of Measure M and its special tax for parcels within the District, but only claimed that the County improperly levied and collected Measure M taxes on its land, which is *not* within the District. In spite of any unfortunate financial impact this litigation may have on the District, the validation statutes and the policy behind their enactment are simply inapplicable here.

**DISPOSITION**

The judgment is affirmed.  Costs on appeal are awarded to respondent, Mendocino Redwood Company, LLC.

_____
Kline, P.J.

We concur:

_____
Richman, J.

_____
Miller, J.

*Mendocino Redwood Company, LLC v. County of Mendocino* (A155737)

Filed 12/2/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MENDOCINO REDWOOD COMPANY, LLC,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>COUNTY OF MENDOCINO,<br><br>  Defendant;<br><br>ALBION-LITTLE RIVER FIRE PROTECTION DISTRICT,<br><br>  Intervener and Appellant. | A155737<br><br>(Mendocino County Super. Ct. No. SCUK CVG 16-67455)<br><br>**ORDER CERTIFYING OPINION FOR PUBLICATION** |

**THE COURT:**

  The opinion in the above-entitled matter filed on November 6, 2019, was not certified for publication in the Official Reports. For good cause, the request for publication is granted.

  Pursuant to California Rules of Court, rule 8.1105 and 8.1120, the opinion in the above-entitled matter is ordered certified for publication in the Official Reports.

Dated: _____     _____

                          Kline, P.J.

1

Trial Court:                                          Mendocino County Superior Court

Trial Judge:                                          Hon. David Riemenschneider


Attorneys for Plaintiff and Respondent:              Mannon, King, Johnson & Wipf
Mendocino Redwood Company, LLC                       Stephen F. Johnson
                                                     James F. King
                                                     Michaelyn P. Wipf
                                                     Zachary S. Stephens


Attorneys for Intervener and Appellant:              Terry N. Gross
Abion Little River Fire Protection District